NETTIE V. REMSEN AND JAMES D. REMSEN, HER HUSBAND; LUCY V. HARRELL AND ERNEST T. HARRELL, HER HUSBAND, AND JOHNNIE E. VINSON, A WIDOW, v. J. C. EDWARDS AND LOLLIE EDWARDS, HIS WIFE.

(Filed 5 November, 1952.)

**Pleadings § 28—**

In determining a motion for judgment on the pleadings, the court's decision must be based upon facts alleged on the one hand and admitted on the other, and it is error for the court to hear evidence and find facts in support of its judgment upon the motion, since if the pleadings raise any issues of fact they must be tried by a jury in the absence of waiver of jury trial and agreement that the court should find the facts.   G.S. 1-172.

APPEAL by defendants from *Stevens, J.,* at March Term, 1952, of NORTHAMPTON.

Civil action to have a deed declared to be a mortgage, and to have been satisfied, and for an accounting, etc.

Plaintiffs filed a complaint in which is set out the facts constituting their cause of action as they contend them to be.

Defendants filed an answer to the complaint of plaintiffs in which they admit parts of the allegations of complaint, and deny other parts. And for further answer they set out facts constituting further defenses to plaintiffs' alleged cause of action, as they contend the facts to be.

And plaintiffs, in reply, admit parts of the averments so set out in defendants' answer, and deny other parts.

A pre-trial conference was held, at which certain stipulations were made in respect to matters which are not determinative of the controversy.

Then when the cause came on for hearing at the March Term, 1952, of Northampton Superior Court, and after a jury was selected and impaneled, and the plaintiffs had offered certain documentary evidence, they moved for judgment, reading as follows:

"That the allegations of the Answer, even though the same be all taken to be true for the purpose of this motion, do not constitute a valid and legal defense to the claim of the plaintiffs that the transaction complained of was one for the security of a debt of Joe B. Vinson and Johnnie

Vinson to J. C. Edwards, and for the security of money and supplies advanced by J. C. Edwards to Joe B. Vinson after November 21, 1934.

"Wherefore, the plaintiffs move for judgment:

"1. That the deed, deed of trust and agreement to reconvey referred to in paragraph 9 of the complaint were intended by the parties thereto as and constitute a mortgage securing the payment of the $4,181.67 note of Joe B. Vinson and Johnnie Vinson, and also securing the payment of money and supplies advanced by J. C. Edwards to Joe B. Vinson after November 21, 1934.

"2. That the plaintiffs are the owners in fee simple of the lands described in the complaint.

"3. That a Referee be appointed to take an account of the mortgage debt, of what has been paid thereon and of the amount, if any, which is due the plaintiffs by J. C. Edwards."

Thereupon the court entered a judgment in which after reciting that "It appears to the court and the court finds as facts from the stipulations and the admissions in the pleading" there are set out twenty-five paragraphs of findings of fact, upon which conclusions of law are made, and judgment rendered.

Defendants except to the judgment and appeal to the Supreme Court, and assign error.

*Martin F. Papish and Gay & Midyette for plaintiffs, appellees.*

*Eric Norfleet, Allsbrook & Benton, and W. H. S. Burgwyn, Jr., for defendants, appellants.*

WINBORNE, J. The subject of "judgment on the pleadings" has been fully discussed in opinion by *Ervin, J.,* in the recent case of *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384. The ruling there is applicable, and determinative here.

It is there held that "On a motion for judgment on the pleadings, the presiding judge should consider the pleadings, and nothing else . . . He should not hear extrinsic evidence, or make findings of fact. If he concludes on his consideration of the pleadings that a material issue of fact has been joined between the parties, he should deny the motion in its entirety, and have the issue of fact tried and determined in the way appointed by law before undertaking to adjudicate the rights of the parties."

Issues of fact must be tried by a jury, unless trial by jury is waived. G.S. 1-172. See *Erickson v. Starling, supra.* And in the present case a jury trial was not waived, nor did the parties consent for the trial judge to find the facts.

Hence, in the light of these rules of practice applied to the pleadings and case in hand, we hold that error appears upon the face of the record

and judgment. And a detailed discussion of the pleadings will serve no useful purpose.

Error.