CITY OF REIDSVILLE, A MUNICIPAL CORPORATION, v. JOSEPH F. BURTON.

(Filed 20 January, 1967.)

**1. Pleadings § 30—**

Judgment on the pleadings is proper only when the pleadings fail to present any issue of fact for the determination of the jury, and only the pleadings themselves may be considered in determining the question; therefore, it is error for the court to hear evidence and find facts in support of its entry of judgment on the pleadings.

**2. Same;   Limitation of Actions § 18—**

A judgment on the pleadings in favor of a defendant on defendant's plea in bar of the statute of limitations, is proper when, and only when, all the facts necessary to establish the plea in bar of the statute of limitations are alleged or admitted in plaintiff's pleadings, construing plaintiff's pleadings liberally in plaintiff's favor and giving him the benefit of all relevant inferences of fact to be drawn therefrom.

**3. Limitation of Actions § 2—**

The statute of limitations does not apply to a municipality in an action by the municipality involving public rights or the exercise of governmental functions, but the statute of limitations applies as a defense to an action by a municipal corporation to enforce private, corporate or proprietary rights.

**4. Same;   Municipal Corporations § 5—   Action held one to recover damages ex contractu and not one to establish street or bridge.**

Plaintiff municipality alleged in effect that defendant constructed a bridge a short distance from the city limits in connection with defendant's real estate development, that the bridge did not comply with specifications of the city engineer, that defendant, in order to have the city accept the bridge over the protest of the city engineer, obligated himself in writing to replace the bridge if it collapsed by causes other than ordinary wear and tear within a period of twelve years, that the bridge did collapse within that period, that defendant was notified to make arrangements at once to replace the bridge according to the city engineer's specifications, and that defendant refused to do so. This action was instituted to recover the city's costs in rebuilding the bridge. *Held:* The action is *ex contractu* to enforce a private, corporate or proprietary right of the city, and defendant is entitled to plead the applicable statute of limitations.

**5. Limitation of Actions § 4—**

A cause of action for breach of contract accrues generally when defendant is liable to an action for such breach, and such cause of action is barred in three years when the parties are not under disability. G.S. 1-15, G.S. 1-52(1).

**6. Limitation of Actions § 18—**

Where it appears from the complaint of the city that the action is *ex contractu* and that the subject matter arose out of a private, corporate or proprietary right of the city, and it further appears from the city's complaint that the action was not instituted until more than three years after demand upon, and refusal of, defendant to rectify the breach, all

facts necessary to establish defendant's plea of the three year statute of limitations appear from the city's complaint, and judgment on the pleadings in favor of defendant was proper.

APPEAL by plaintiff from *Latham, S.J.*, February 1966 Civil Session of ROCKINGHAM.

The allegations of plaintiff's complaint may be summarily stated as follows:

On 8 October 1957 defendant, in connection with developing certain lots and property on Coach Road situate only a short distance outside the city limits of the city of Reidsville, constructed a bridge known as the Coach Road Bridge. Prior to the construction of said bridge, defendant was notified by plaintiff's city engineer of the specifications and requirements to be met by him in constructing said bridge. [This is admitted as true in the answer.]

Defendant constructed said Coach Road Bridge, but failed and refused to construct it according to the specifications of the city engineer, and after the bridge was completed, the city engineer refused to accept the bridge.

At a meeting of the Reidsville city council, defendant agreed to guarantee the bridge for a period of twelve years, and on 8 October 1957 he signed, executed, and delivered to the city of Reidsville the following letter: "The undersigned, Joseph F. Burton, in consideration of the city's accepting the bridge on Coach Road under protest of the city engineer hereby agrees that he will replace said bridge if it collapses by causes other than wear and tear within a period of 12 years from date."

The Coach Road Bridge collapsed and was condemned, and on 13 January 1961 defendant was notified by the city by letter of its city attorney that the bridge had collapsed and had been condemned, and he was notified to make arrangements to replace the bridge according to the city engineer's specifications at once.

After said bridge had collapsed and been condemned, defendant failed and refused to replace the bridge, though repeated demands were made upon him. Plaintiff rebuilt the bridge between 12 April 1961 and 26 April 1961. The cost of rebuilding the bridge was $2,220.74. Defendant was billed for the cost of rebuilding the bridge in that amount on 26 April 1961, and defendant failed and refused and still fails and refuses to pay the cost of rebuilding said Coach Road Bridge.

Wherefore, plaintiff prays judgment that it recover of defendant the sum of $2,220.74 with interest thereon from 26 April 1961, and for its costs.

In his answer defendant admits he refused to replace the bridge,

and that the city of Reidsville rebuilt the bridge. For a further answer and defense, defendant alleges in substance as follows: Prior to construction of the bridge the specifications for said bridge were altered materially by plaintiff's city engineer, due to the fact that the city engineer had run a sewer line in such a manner that a culvert could not be constructed as originally planned. Upon completion of the bridge the city engineer refused to accept it. In October, 1957, defendant met with the Reidsville city council, and agreed to guarantee the bridge if it collapsed within a period of 15 years from normal wear and tear. At said meeting plaintiff agreed to construct a sign at said bridge which would restrict the load limit to four tons, which it failed and refused to do. Thereafter, and up to the time the bridge collapsed on or about January, 1961, the bridge was used by heavy trucks loaded with brick and other building material weighing from 15 to 20 tons, and in addition was used by heavy equipment owned by the city of Reidsville including a ditch-digging machine weighing approximately 20 tons. The bridge was not constructed to support such heavy loads, and all interested parties, including the city of Reidsville, were aware of this fact. The collapse of the bridge was in no way due to faulty construction or any material variations from the specifications, but was due to the excessive loads which were allowed to cross the bridge because of the fact that the city of Reidsville had not posted a load limit sign restricting the load limit to four tons. On or about 14 February 1961 defendant met with the Reidsville city council, at which time the city council made demand upon him that he, at his own expense, replace the bridge. Defendant informed the Reidsville city council that he had no intention of replacing the bridge. Defendant heard nothing further from the city council of Reidsville until he received a letter from the city attorney dated 20 February 1964, in which a bill was enclosed for the amount of $2,220.74 for replacement of the bridge. This cause of action, if in fact a cause of action exists, arose on or about January, 1961, and the Reidsville city council at its meeting on 14 February 1961 made demand upon the defendant for the replacement of the bridge, and defendant refused to comply with the request. This action was instituted on 4 March 1964, and more than three years had elapsed since plaintiff's cause of action, if any, had accrued, and defendant pleads in bar of any recovery by plaintiff in this action the three-year statute of limitations as provided in G.S. 1-52. Wherefore, defendant prays that plaintiff's action be dismissed and that plaintiff be taxed with the costs.

At the February 1966 Civil Session of Rockingham defendant made a motion for judgment on the pleadings. Judge Latham made seven findings of fact, among which were that the bridge was not a

part of a public way; that three years elapsed from 13 January 1961, the time at which the bridge collapsed and defendant was notified; and that defendant had pleaded the three-year statute of limitations "as provided for in North Carolina General Statutes 1-52 as applied by North Carolina General Statutes 1-30." Whereupon, the court made the following conclusions of law: (1) In the absence of allegations by plaintiff that enforcement of the alleged agreement was sought, the contract between plaintiff and defendant, calling for replacement of the bridge by defendant, did not authorize plaintiff to rebuild the bridge and make any claim against the defendant for reimbursement of the cost of rebuilding the bridge; (2) plaintiff, in attempting to enter into a contract of such nature, involving private property and a private way outside the city limits of the city of Reidsville, was engaged in the exercise of a proprietary function and not a governmental function; (3) the cause of action, if any, arose on 13 January 1961; and (4) "that the three year statute of limitations as provided for in North Carolina General Statutes 1-52 as applied by North Carolina General Statutes 1-30 is properly pled in bar of any recovery by the plaintiff." Whereupon, it was adjudged and decreed by Judge Latham that defendant's motion for judgment on the pleadings is allowed, that plaintiff recover nothing of defendant, and that defendant recover his costs from plaintiff.

From this judgment, plaintiff appeals.

*Jule McMichael by Albert J. Post for plaintiff appellant.*
*Defendant in propria persona.*

PARKER, C.J.  A judgment on the pleadings is proper only when the pleadings fail to present any issue of fact for the determination of a jury. *Fisher v. Motor Co.,* 249 N.C. 617, 107 S.E. 2d 94; *Waggoner v. Waggoner,* 246 N.C. 210, 97 S.E. 2d 887; *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384; *Jeffreys v. Insurance Co.,* 202 N.C. 368, 162 S.E. 761; 3 Strong's N. C. Index, Pleadings, § 30, and supplement to *ibid,* § 30.

On a motion for judgment on the pleadings it is error for the court to hear evidence and find facts in support of its judgment, since only the pleadings themselves may be considered. *Crew v. Crew,* 236 N.C. 528, 73 S.E. 2d 309; *Remsen v. Edwards,* 236 N.C. 427, 72 S.E. 2d 879. In *Erickson v. Starling, supra,* Ervin, J., said for the Court: "When a party moves for judgment on the pleadings, he admits these two things for the purpose of his motion, namely: (1) The truth of all well-pleaded facts in the pleading of

his adversary, together with all fair inferences to be drawn from such facts; and (2) the untruth of his own allegations in so far as they are controverted by the pleading of his adversary." The findings of fact by the trial judge upon the motion for judgment on the pleadings are entirely inapposite and must be disregarded.

A judgment on the pleadings in favor of a defendant on a plea in bar of the statute of limitations pleaded by defendant is proper when, and only when, all the facts necessary to establish the plea in bar of the statute of limitations are either alleged or admitted in plaintiff's pleadings, construing plaintiff's pleadings liberally in his favor and giving him the benefit of all relevant inferences of fact to be drawn therefrom. *McFarland v. Publishing Co.,* 260 N.C. 397, 132 S.E. 2d 752; *Lockhart v. Lockhart,* 223 N.C. 123, 25 S.E. 2d 465; *Currin v. Currin,* 219 N.C. 815, 15 S.E. 2d 279; *Latham v. Latham,* 184 N.C. 55, 113 S.E. 623; *Ewbank v. Lyman,* 170 N.C. 505, 87 S.E. 348.

It is alleged in the complaint and admitted in the answer that the city of Reidsville is a municipal corporation. It is generally held in this State and in the other States that the statute of limitations is no defense in actions by a municipality involving public rights or the exercise of governmental functions. It is also generally held in this State and in the other States, except as provided otherwise by constitutional or statutory provisions, that the statute of limitations may be interposed as a defense to an action by a municipal corporation to enforce private, corporate or proprietary rights. *Charlotte v. Kavanaugh,* 221 N.C. 259, 20 S.E. 2d 97; 53 C.J.S., Limitation of Actions, § 17(a); 17 McQuillin, Municipal Corporations, § 49.06. See also 34 Am. Jur., Limitation of Actions, § 397.

The construction and maintenance of public streets and of bridges constituting a part thereof are governmental functions of a municipality, and in exercising such governmental functions a municipal corporation is immune from application of the statute of limitations. *Improvement Co. v. Greensboro,* 247 N.C. 549, 101 S.E. 2d 336; *Jenkins v. Henderson,* 214 N.C. 244, 199 S.E. 37; *Pickett v. R. R.,* 200 N.C. 750, 158 S.E. 398; 53 C.J.S., Limitation of Actions, § 17(b).

These facts appear from the fact of the complaint: On 8 October 1957 defendant in connection with developing certain lots and property on Coach Road lying outside the city of Reidsville and only a short distance from the city limits constructed a bridge in connection with the development of said property. It does not appear from the complaint that the defendant constructed this bridge for the use of the public nor that it was maintained by the city nor

that it connected any public streets. Defendant was notified that this bridge constructed by him did not comply with the specifications of the city engineer, and he refused to accept it. It is alleged in the complaint that defendant signed, executed and delivered to the city of Reidsville the following letter: "The undersigned, Joseph F. Burton, in consideration of the city's accepting the bridge on Coach Road under protest of the city engineer hereby agrees that he will replace said bridge if it collapses by causes other than wear and tear within a period of 12 years from date." It is also alleged in the complaint that the bridge collapsed on 13 January 1961 and defendant was notified by the city by letter of its city attorney that the bridge had collapsed, and he was notified to make arrangements to replace the bridge according to the city engineer's specifications *at once,* and that the defendant failed and refused to do so.

The suit in the instant case is an action *ex contractu* to recover the cost of rebuilding the bridge upon a breach by defendant of his contract with plaintiff to replace it. In our opinion, and we so hold, the present action is an action to enforce private, corporate or proprietary rights, and as such the three-year statute of limitations may be interposed as a defense by defendant.

The plaintiff contends the North Carolina Legislature by Chapter 369, 1949 Session Laws of North Carolina, authorized the governing body of Reidsville to regulate and require minimum standards and specifications for subdivisions of real property, and the establishment, dedication, location and dimensions of proposed public streets or other public way within the corporate limits of such municipality or within one mile outside such city limits, and to provide either grading, paving, curbs, gutters, drainage, public sewer or water facilities, etc., and that in replacing the bridge it exercised a governmental function and is immune from the application of the three-year statute of limitations. This contention is untenable.

Generally, an action for breach of a contract must be brought within three years from the time of the accrual of the cause of action, where the parties are not under a disability, which is the case here. G.S. 1-15; G.S. 1-52(1); *Motor Lines v. General Motors Corp.,* 258 N.C. 323, 128 S.E. 2d 413; 3 Strong's N. C. Index, Limitation of Actions, § 4. A cause of action generally accrues and the statute of limitations begins to run whenever a party becomes liable to an action, if at such time the demanding party is under no disability. In no event can a statute of limitations begin to run until plaintiff is entitled to institute action. 3 Strong *ibid.*

It appears from the face of the complaint that the bridge here

collapsed on 13 January 1961, and defendant was notified to replace the bridge *at once* according to the city engineer's specifications and refused to do so. When defendant failed *at once* to replace the bridge according to the contract, plaintiff was entitled to institute action. The present action was instituted by the issuance of summons on 4 March 1964. G.S. 1-14. All the facts necessary to establish the plea in bar of the three-year statute of limitations alleged in the answer are alleged in plaintiff's complaint. Therefore, the lower court was correct in entering judgment upon the pleadings for defendant. The city's contention that its action only accrued when it had replaced the bridge and sent defendant a bill in the amount of the cost of replacing the bridge is untenable. This disposition of this case makes it unnecessary to discuss or consider any of the other defenses interposed by defendant. *McFarland v. Publishing Co., supra.* The judgment of the lower court is

Affirmed.