G. K. LEWIS AND WIFE, L. P. LEWIS, v. GODWIN OIL COMPANY, INC.

(Filed 10 July 1968.)

**1. Sales § 6—**

The statute of limitations applicable to an action based upon breach of warranty of fitness and safety is three years. G.S. 1-52.

**2. Limitation of Actions § 17—**

Upon the plea of the applicable statute of limitations, the burden is on plaintiff to show that the action was instituted within the prescribed period.

**3. Limitation of Actions § 4—**

A cause of action accrues and the statute of limitations begins to run, in the absence of disability or fraud or mistake, whenever a party becomes liable to an action.

**4. Same; Limitation of Actions § 18— Action upon breach of warranty of fitness of tobacco curer accrues either at its installation or first sign of damage and not at subsequent explosion.**

Where plaintiff alleges that a tobacco curer which he purchased from defendant was installed on a certain date, that on a later date it exploded and destroyed plaintiff's tobacco barn and tobacco, that between the time of the installation and explosion three barns of tobacco had been cured, that the cured tobacco had an oil film on it, and that defendant was so advised and made adjustments to the curer, plaintiff's action based upon breach of warranty of fitness and safety accrued either at the time of installation or when plaintiff first discovered oil on the tobacco, and where it appears from the complaint that the action was not instituted until more than three years after those dates, judgment on the pleadings in favor of defendant is proper notwithstanding the action was brought within three years of the explosion, the damages from the explosion resulting from the first injury and being merely in aggravation of the original damages.

APPEAL by plaintiffs from *Clark, J.,* at the February 1968 Civil Session of BRUNSWICK Superior Court.

This is a civil action instituted by plaintiffs against defendant for recovery of damages sustained by plaintiffs as the result of a fire and explosion which destroyed their tobacco barn and a quantity of tobacco. Their action is based upon breach of warranty of fitness and safety of a tobacco curer purchased by plaintiffs from the defendant and installed by the defendant. Plaintiffs also claim damage to three barns of tobacco cured in the barn prior to its destruction.

The complaint alleges that on or about 20 July 1964, plaintiffs purchased a tobacco curer from the defendant and that the curer was installed by the defendant on 22 July 1964; that on several occasions between 22 July 1964 and 16 August 1964, pursuant to complaints by plaintiffs, defendant made adjustments on the curer, the last adjustment being on 14 August 1964, at which time defendant's

employee advised plaintiffs that if they had any further trouble with the curer to notify defendant and it would make corrections.

The complaint further alleges that on Sunday, 16 August 1964, plaintiffs attempted to contact defendant to advise that the curer was still not functioning properly, but were unable to make contact; that on said date, around noon, an explosion and fire occurred, destroying plaintiffs' tobacco barn and tobacco.

The complaint also alleges that three barns of tobacco were cured between the time the curer was installed and the barn was destroyed; that upon removal of each barn of tobacco after the curing process was completed, plaintiffs discovered that the cured tobacco had an oil film on it and defendant was advised of this fact. Plaintiffs allege specifically that the tobacco curer was defective in several respects and that it was improperly installed by the defendant.

Plaintiffs instituted their action on 16 August 1967. Defendant answered and by amendment to its answer pleaded the three-years statute of limitations.

When the case came on for trial, defendant moved for judgment on the pleadings. The motion was allowed for the reason that the complaint discloses that any cause of action plaintiffs may have had accrued or came into being on or about 22 July 1964, or prior to 16 August 1964, and plaintiffs' action instituted on 16 August 1967 was commenced more than three years after the accrual of the alleged cause of action.

From the judgment dismissing the action, plaintiffs appealed.

*Sullivan & Horne by Thomas E. Horne, Attorneys for plaintiff appellants.*

*James, James & Crossley by Joshua S. James, Attorneys for defendant appellee.*

BRITT, J.  The sole question presented on this appeal is: Was the cause of action alleged by plaintiffs barred by the three-years statute of limitations pleaded by defendant? We hold that it was.

The period prescribed for the commencement of this action is three years from the time the cause of action accrued. G.S. 1-52. Upon the plea of this statute the burden is on plaintiffs to show that they instituted their action within the prescribed period. *Shearin v. Lloyd*, 246 N.C. 363, 98 S.E. 2d 508.

The decision of the Supreme Court of North Carolina in *Matthieu v. Gas Co.*, 269 N.C. 212, 152, S.E. 2d 336, is controlling in the case at bar. Branch, J., speaking for the court, said:

"A cause of action accrues and the statute of limitations begins

to run whenever a party becomes liable to an action, if at such time the demanding party is under no disability. This rule is subject to certain exceptions, such as torts grounded on fraud or mistake, none of which are applicable to the instant case. However, the more difficult question is to determine when the cause of action accrues. In the case of *Mast v. Sapp*, 140 N.C. 533, 53 S.E. 350, this Court said: 'Where there is a breach of an agreement or the invasion of an agreement or the invasion of a right, the law infers some damage. . . . The losses thereafter resulting from the injury, at least where they flow from it proximately and in continuous sequence, are considered in aggravation of damages. . . . The accrual of the cause of action must therefore be reckoned from the time when the first injury was sustained. . . . When the right of the party is once violated, even in ever so small a degree, the injury, in the technical acceptation of that term, at once springs into existence and the cause of action is complete.' "

In the instant case, plaintiffs' cause of action accrued prior to 16 August 1964. If it did not accrue on 22 July 1964, the day that defendant installed the tobacco curer, it definitely accrued several days later when plaintiffs completed curing their first barn of tobacco and discovered an oil film on the tobacco. The damage which resulted thereafter was in aggravation of the original damage and resulted from the first injury.

A judgment on the pleadings in favor of a defendant on defendant's plea in bar of the statute of limitations is proper when all the facts necessary to establish said plea are alleged or admitted in plaintiff's pleadings. *Reidsville v. Burton*, 269 N.C. 206, 152 S.E. 2d 147.

The judgment of the Superior Court is
Affirmed.

Campbell and Morris, JJ., concur.