**Russell A. STELL, Plaintiff,**

v.

**The FIRESTONE TIRE & RUBBER COMPANY, Defendant.**

**Civ. A. No. 2375.**

United States District Court
W. D. North Carolina,
Charlotte Division.
July 22, 1969.

Reginald S. Hamel, Charlotte, N. C., and W. W. Whitlock, Mineral, Va., for plaintiff.

Thomas Ashe Lockhart and W. J. Kellam, Jr., Cansler, Lockhart and Kellam, Charlotte, N. C., for defendant.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

McMILLAN, District Judge.

This matter was heard upon motion of the defendant for summary judgment based upon the contention that the suit is barred by pertinent statutes of limitation. The motion is denied. The pertinent facts are found to be as follows:

 In November, 1964, New Dixie Lines, Inc., a freight hauler, employer of the plaintiff, bought and took delivery of a truck tire from the defendant Firestone. The place of delivery is not revealed. New Dixie, the plaintiff alleges, had ordered a tire made of nylon cord and the tire delivered was made of rayon cord. Liability based upon negligence (including negligent breach of warranty) is alleged, with plaintiff contending that the rayon tire was inferior in strength and safety to the nylon tire which had been ordered.

On July 28, 1965, the plaintiff was driving a truck with the rayon cord tire on it and had an accident resulting in bodily injuries to the plaintiff. The accident happened between Concord and Charlotte, North Carolina on Highway 29. Plaintiff contends that this was caused by failure of the rayon cord tire while he was driving along the road. The court assumes for purpose of this motion that the plaintiff, a truck driver employee of New Dixie Lines, Inc., was one of those who might reasonably be expected to operate the truck and to incur danger if the tire was defective, and that North Carolina is one of the places the truck might reasonably have been expected to operate.

On July 26, 1968, which is more than three years after delivery of the tire but less than three years after the accident and injuries to the plaintiff, this action was instituted.

North Carolina General Statutes, Section 1-15, provides that "Civil actions can only be commenced within the periods prescribed in this chapter, *after the cause of action has accrued, * * *."* Section 1-52 of the General Statutes sets up a limitation of three years for bringing an action: "1. Upon a contract, obligation or liability arising out of a contract, express or implied, * * *" or "5. For * * * any other *injury* to the person or rights of another, not arising on contract and not hereafter enumerated." (Emphasis added.)

A great deal has been written on the subject of when a cause of action arises against a manufacturer or supplier based upon the production or furnishing of a defective or inadequate or dangerous piece of personal property or machinery. The question here is whether the statute begins to run from the time of the defendant's act or default or whether it begins to run from the time of injury to the plaintiff. This question is a theoretical one unless viewed in light of the language of the statute. The North Carolina statute by its terms begins to run after the action has "accrued." The suit does not involve an *"injury* to the person or rights of another" until the plaintiff was hurt. There was no "injury" and no basis for action until the wreck occurred

in North Carolina on July 26, 1965. New Dixie might have had an action for breach of contract when the tire was delivered, but plaintiff, the driver, had no cause of action until he was injured.

This conclusion is believed to be consistent with Hocutt v. Wilmington & W. Railroad, 124 N.C. 214, 32 S.E. 681 (1899) and with all recent North Carolina decisions, including B-W Acceptance Corporation v. Spencer, 268 N.C. 1, 149 S.E.2d 570 (1966); Jewell v. Price, 264 N.C. 459, 142 S.E.2d 1 (1965); Thurston Motor Lines, Inc. v. General Motors Corporation, 258 N.C. 323, 128 S.E.2d 413 (1962); and Lewis v. Godwin Oil Company, 1 N.C.App. 570, 162 S.E.2d 135 (1968). See also two recent Fourth Circuit decisions, Sides v. Richard Machine Works, Inc., 406 F.2d 445 (4th Cir., 1969), and Barnes v. Sears, Roebuck & Company, 406 F.2d 859 (4th Cir., 1969).

Since the cause of action, if any, arose or "accrued" to Stell in North Carolina, rather than in Virginia, the two-year Virginia statute of limitations does not apply.

The motion of the defendant for summary judgment is denied.