LESTER T. LAND, JR. v. NEILL PONTIAC, INCORPORATED, AND PONTIAC DIVISION OF GENERAL MOTORS, INCORPORATED (CORRECTLY GENERAL MOTORS CORPORATION, PONTIAC DIVISION)

No. 6922SC340

(Filed 17 September 1969)

1. **Limitation of Actions § 4—— accrual of right of action —— three-year limitations —— personal injury action —— defective automobile**

   Plaintiff alleged that on 30 January 1965 he purchased an automobile manufactured by one defendant and sold by the other defendant and that on 22 March 1965 he lost control of the automobile and collided with a bridge abutment when the gasoline tank fell from the automobile. Plaintiff instituted an action for personal injuries against the defendants on 20 March 1968. *Held:* The cause of action accrued on 30 January 1965

and is therefore barred by the three-year statute of limitations, G.S. 1-52, since a cause of action accrues at the time of the commission of the negligent act or omission complained of and not at the time of infliction of injuries resulting therefrom.

**2. Limitation of Actions § 4— accrual of right of action — nominal damages**

A cause of action accrues at the time of an invasion of a plaintiff's right, and nominal damages, at least, naturally flow from such invasion.

APPEAL by plaintiff from *McConnell, J.,* 17 February 1969, Civil Session, DAVIDSON Superior Court.

The plaintiff Lester T. Land, Jr., instituted this action in the Superior Court of Davidson County, North Carolina, on 20 March 1968 to recover damages for personal injuries allegedly resulting from the negligence of the defendants, Neill Pontiac, Incorporated, and Pontiac Division of General Motors, Incorporated, in the manufacture and sale to plaintiff on 30 January 1965 of a 1965 Pontiac automobile. The plaintiff alleged that his injuries proximately resulted from the negligence of the defendants when the gasoline tank fell from the automobile while he was operating the same on public highway I-85 in Davidson County, causing him to lose control of the vehicle and collide with a bridge abutment. Each of the defendants filed answer denying the allegations of the complaint and pleaded contributory negligence and likewise pleaded the three-year statute of limitations in bar of the plaintiff's right to recover. The defendants' motion for judgment on the pleadings was allowed by the superior court and the plaintiff's action was dismissed upon a finding that the same was barred by the three-year statute of limitations. To the entry of the judgment, the plaintiff excepted and appealed, assigning error.

*Clarence C. Boyan, for the plaintiff appellant.*

*Walser, Brinkley, Walser & McGirt, by Walter F. Brinkley, for Neill Pontiac, Incorporated, defendant appellee.*

*Smith, Moore, Smith, Schell & Hunter, by Bynum M. Hunter and Larry B. Sitton, for General Motors Corporation, defendant appellee.*

HEDRICK, J.

[1]    The sole question presented upon this appeal is whether the record discloses that the plaintiff's alleged cause of action was barred by the three-year statute of limitations. G.S. 1-52. The uncontroverted facts as they appear in the record are: (1) That the auto-

mobile manufactured by the defendant General Motors Corporation was sold to the plaintiff by the defendant Neill Pontiac, Incorporated, on 30 January 1965; (2) the collision wherein plaintiff alleged that he was injured occurred on 22 March 1965; (3) the summons commencing this action was issued 20 March 1968.

The pivotal issue is when does a cause of action for negligent injury accrue so as to commence the running of the statute of limitations?

**[1, 2]** The North Carolina Supreme Court has consistently held that the cause of action accrues at the time of the invasion of the right, and that nominal damages, at least, naturally flow from such invasion. *Motor Lines v. General Motors Corporation*, 258 N.C. 323, 128 S.E. 2d. 413; *Shearin v. Lloyd*, 246 N.C. 363, 98 S.E. 2d. 508; *Lewis v. Godwin Oil Company*, 1 N.C. App. 570, 162 S.E. 2d. 135; 5 Strong, N.C. Index 2d., Limitation of Actions, Section 4. The plaintiff contends that his damages resulted from injuries sustained on 22 March 1965, but we hold that his cause of action for negligent damage accrued on 30 January 1965.

The cause of action accrues at the time of the commission of the negligent act or omission complained of, not at the time of infliction of injuries resulting therefrom. Insofar as the time of the accrual of the cause of action for the commencement of the running of the statute of limitations is concerned, there is no difference between a cause of action for negligent damage to property, and a cause of action for negligent injury to person. *Shearin v. Lloyd, supra; Motor Lines v. General Motors Corporation, supra.*

"A judgment on the pleadings in favor of a defendant on defendant's plea in bar of the statute of limitations is proper when all the facts necessary to establish said plea are alleged or admitted in plaintiff's pleadings. *Reidsville v. Burton*, 269 N.C. 206, 152 S.E. 2d 147." *Lewis v. Godwin Oil Company, supra.* See also *Erickson v. Starling*, 235 N.C. 643, 71 S.E. 2d. 384.

The judgment of the superior court is

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.