**Thomas William GREEN, Plaintiff,**

v.

**MTD PRODUCTS, INC., and the Goodyear Tire & Rubber Company, Defendants.**

**No. C–82–G–69.**

United States District Court,
M. D. North Carolina,
Greensboro Division.

May 19, 1970.

---

Harry J. O'Connor, Jr., of O'Connor & Cole, Greensboro, N. C., for plaintiff.

Bynum M. Hunter, of Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., for defendant MTD Products, Inc.

Perry C. Henson and Daniel W. Donahue, Greensboro, N. C., for defendant Goodyear Tire & Rubber Co.

## MEMORANDUM OPINION AND ORDER

EDWIN M. STANLEY, Chief Judge.

The defendants, MTD Products, Inc. and the Goodyear Tire & Rubber Company, have moved, pursuant to Rule 12 of the Federal Rules of Civil Procedure, for an order dismissing this action, or entering judgment on the pleadings in their favor, upon the ground that the plaintiff's alleged cause of action is barred by the applicable statute of limitations. The motion is granted for the reasons hereinafter set forth.

The pertinent facts may be briefly summarized. Defendant, MTD Products, Inc., is engaged in the manufacture and sale of rotary gasoline powered lawn mowers under the trade name of "MTD Lawn Flite". On April 15, 1966, plaintiff purchased a "MTD Lawn Flite" power mower from one of the service stores of defendant Goodyear Tire & Rubber Company in Greensboro, North Carolina. Plaintiff alleges that on April 30, 1966, while operating the mower, the rotary blades came into contact with a small piece of wire metal lying in the grass and caused it to be propelled with great force from underneath the mower and into plaintiff's right eye, resulting in the permanent loss of sight in the eye.

This action was instituted April 30, 1969. In his complaint, plaintiff contends that the accident and resulting injury was directly and proximately caused by the negligent manufacture or design of said "MTD Lawn Flite" power lawn mower by the defendants, and in breach of the defendants' implied and expressed warranties as to said mower's safety and fitness.

The date the alleged cause of action commenced to run is the crucial question for decision. If the statute commenced to run on the date of purchase of the allegedly defective lawn mower, the action was not timely commenced. On the other hand, if the statute did not commence to run until the date of the alleged injury, the action is not barred by the statute of limitations.

This being a diversity action, the laws of the State of North Carolina are applicable. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

Section 1–52, General Statutes of North Carolina, provides that an action based upon an obligation or liability arising out of a contract, expressed or implied, or any other injury to the person or rights of another not arising on contract, must be commenced within three years from the date the cause of action accrues.

The controlling decision on the issue presented by the motions before the Court is the recent case of Land v. Neill Pontiac, Inc., 6 N.C.App. 197, 169 S.E. 2d 537 (1969), cert. denied, 276 N.C. 85 (January 6, 1970). There, the court in dealing with the same issue here involved held that the plaintiff, who instituted the personal injury action for the negligent manufacture of an automobile more than three years from the date of its purchase, but within three years from the date of his injury, was barred by the three-year statute of limitations. The court stated:

"The North Carolina Supreme Court has consistently held that the cause of action accrues at the time of the invasion of the right, and that nominal

damages, at least, naturally flow from such invasion." [Citations omitted]

"The cause of action accrues at the time of the commission of the negligent act or omission complained of, not at the time of infliction of injuries resulting therefrom."

It follows that since plaintiff purchased the lawn mower in question on April 15, 1966, and did not institute this action until April 30, 1969, his action is barred by the three-year statute of limitations.

The Court is cognizant of the case of Stell v. Firestone Tire & Rubber Company, 306 F.Supp. 17 (W.D.N.C.1969), but finds the facts distinguishable in material respects. There, the action was brought by a third party rather than the purchaser of the allegedly defective machine. The Court is also aware of the recent Fourth Circuit cases of Sides v. Richard Machine Works, Inc., 4 Cir., 406 F.2d 445 (1969), and Barnes v. Sears, Roebuck & Co., 4 Cir., 406 F.2d 859 (1969), but since these decisions dealt with an interpretation of Virginia law, and not North Carolina law, they are not determinative of the issue here presented.