**Thomas William GREEN, Appellant,**

v.

**M. T. D. PRODUCTS, INC. and the Goodyear Tire & Rubber Company, Appellees.**

**No. 14918.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 4, 1971.

Decided Aug. 9, 1971.

Harry J. O'Connor, Jr., Greensboro, N. C., for appellant.

Bynum M. Hunter, Greensboro, N. C. (David M. Moore, II, Greensboro, N. C., on brief), for appellees.

Before WINTER and CRAVEN, Circuit Judges, and MILLER, District Judge.

PER CURIAM:

In this appeal the plaintiff who purchased a lawn mower, allegedly defective in design as well as in manufacture, on April 15, 1966, and suffered an injury to his eye while using the lawn mower fifteen (15) days later, claims the applicable statute of limitations in North Carolina commenced to run in this action for his personal injuries against the seller and the manufacturer of the lawn mower on the date of the injury to his eye rather than on the date of the sale. All parties agree that the laws of North Carolina apply in this diversity action.

Although the appellant strenuously argues that, at least in a products liability case, the cause of action for personal injuries does not accrue until the personal injury has occurred, irrespective of the date of the purchase of the product which caused the injury, the law of North Carolina, expressed through its highest and intermediate appellate courts, appears to be otherwise. North Carolina courts have adhered strictly to the rule that injury proximately resulting from a single wrong or breach of duty, results in but one cause of action which accrues at the time there is any injury, however slight and whether to property or to person. Matthieu v. Piedmont Natural Gas Company, 269 N. C. 212, 152 S.E.2d 336 (1967); Jewell v. Price, 264 N.C. 459, 142 S.E.2d 1 (1965); Thurston Motor Lines, Inc. v. General Motors Corp., 258 N.C. 323, 128 S.E.2d 413 (1962); Shearin v. Lloyd, 246 N.C. 363, 98 S.E.2d 508 (1957); Mast v. Sapp, 140 N.C. 533, 53 S.E. 350 (1906); State v. Cessna Aircraft Corp., 9 N.C.App. 557, 176 S.E.2d 796 (1970); Land v. Neill Pontiac, Inc., 6 N.C.App. 197, 169 S.E.2d 537 (1969), cert. denied, 276 N.C. 85 (1970).

Although this rule has been criticized in the past as being too harsh a standard for the application of the applicable statute of limitations where the personal injury did not occur or was not known at the time of the defendant's allegedly wrongful act or breach of duty or at the time of injury to property resulting therefrom,[1] neither the courts nor the legislature of North Carolina has seen fit to change the rule up to this time.[2]

---

1. Notes and Comments, 19 U.N.C.L.Rev. 599 (1941).

2. Subsequent to the filing of the opinion in this case, the court was advised that the General Assembly of North Carolina adopted Chapter 1157, Senate Bill 572, on July 21, 1971, amending North Carolina General Statute, G.S. § 1–15, to provide, subject to certain conditions, that the statute of limitations thereafter will commence to run when the injury becomes known or should have reasonably become known to the claimant. Since the Act by its terms is given prospective effect only, it will not help the appellant in this case unfortunately.

Under the rationale of the North Carolina courts, the plaintiff suffered nominal injuries at least at the time of the sale to him of the lawn mower if in fact the lawn mower at that time through the wrongful or negligent act of the defendants was improperly designed or manufactured. Thurston Motor Lines, Inc. v. General Motors Corp., *supra*; State v. Cessna Aircraft Corp., *supra*; Land v. Neill Pontiac, Inc., *supra*.

Accordingly, for the reasons stated herein and in the opinion of the district court judge, 333 F.Supp. 92, we hold that the statute of limitations commenced to run on the date of the sale of the lawn mower to the plaintiff, and not on the date on which his eye was injured. The judgment of the lower court in granting the motions of the defendants to dismiss must be and is hereby

Affirmed.