DULAN P. SELLERS AND GRACE W. SELLERS v. FRIEDRICH RE-
FRIGERATORS, INC., AND J. L. NICHOLS AND CECIL WAL-
LACE, PARTNERS, T/A COMMERCIAL EQUIPMENT COMPANY

No. 724SC163

(Filed 23 August 1972)

1. Limitation of Actions § 4— defective heating and cooling system —
   six-year statute of limitations

   An action to recover damages for the destruction of plaintiffs'
   home by a fire allegedly caused by the negligence of defendants in
   the construction and installation of the heating and cooling system
   in the home is an action to recover damages arising out of a defective
   improvement to real estate which is governed by the six-year statute
   of limitations provided by G.S. 1-50(5).

2. Limitation of Actions § 4— defective improvement to realty — action
   by owner

   In the statute providing a six-year limitation period for actions
   arising out of a defective improvement to realty, the provision that
   "This limitation shall not apply to any person in actual possession
   and control as owner, tenant or otherwise, of the improvement" at
   the time the defect caused an injury does not exclude from the
   operation of the statute actions *by* owners or others in possession,
   but prevents owners and others in possession from using the statute
   as a defense to an action *brought against* them for damages resulting
   from the defective improvement when the owner or person in posses-
   sion performed or furnished the design, planning, supervision of con-
   struction or construction more than six years prior to the institution
   of the action.

APPEAL by plaintiff from *Hubbard, Judge,* 27 September
1971 Session of Superior Court held in DUPLIN County.

Plaintiffs instituted this action on 8 October 1968 to re-
cover damages for the destruction of their home on 25 January
1967 by a fire allegedly resulting from a defective heating and
cooling system. Plaintiffs allege that the fire was proximately
caused by the negligence of defendants in the construction and
installation of the system. The parties stipulated that the in-
stallation of the system was completed more than three years
prior to the commencement of this action. Defendants moved
for summary judgment on the grounds that the action is barred
by G.S. 1-52. Plaintiff contended that the action was instituted
in apt time having been instituted within the six years allowed
by G.S. 1-50(5).

From judgment allowing defendant's motion for summary
judgment, plaintiffs appealed.

*Crossley & Johnson by Robert White Johnson for plaintiff appellants.*

*Marshall, Williams, Gorham & Brawley by Lonnie B. Williams for defendant appellee Friedrich Refrigerators, Inc.*

*Charles E. Nichols; Blossom & Burrows by William C. Blossom for defendant appellee Commercial Equipment Company.*

VAUGHN, Judge.

The determination of this controversy requires consideration of G.S. 1-50(5) which was enacted in 1963 and is as follows:

> "(5) No action to recover damages for any injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be *brought against* any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than six (6) years after the performance or furnishing of such services and construction. *This limitation shall not apply to any person in actual possession and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action.*" (Emphasis added.)

[1] Plaintiffs allege damages arising out of a defective improvement to real estate. The action is against those who allegedly furnished and constructed the defective improvement. The pleadings, therefore, clearly place the action within the purview of the first sentence of G.S. 1-50(5). The trial judge's ruling that the statute is inapplicable was obviously based on the second sentence, which we have underscored for emphasis. The question thus presented is whether the statute is inapplicable to the plaintiffs' action by reason of the fact that they are the owners who were in possession of the improved premises at the time the alleged defective improvement constituted the proximate cause of the injury.

[2]   We hold that the last sentence of the statute does not exclude from its provisions action *by* owners or others in possession. The effect of the second sentence is to prevent owners and others in possession from using this statute as a defense to an action *brought against* them for damages resulting from the defective improvement when the owner or person in possession performed or furnished the design, planning, supervision of construction or construction more than six years prior to the institution of the action.

Statutes of like import have been adopted in a number of other states. In New Jersey, New Hampshire, Utah and Wisconsin the wording of the comparable statute is almost identical to that of G.S. 1-50(5). Our decision in the present case is consonant with the language of a New Jersey court as it applied a statute almost identical to G.S. 1-50(5). *Gilliam v. Admiral Corporation,* 111 N.J. Super. 370, 268 A. 2d 338.

In an even larger number of states having comparable statutes, the exceptive clause, such as that which constitutes the last sentence of G.S. 1-50(5), expressly provides that the limitation shall not apply to "actions against" the person in actual possession. We believe that to have been the legislative intent here.

Appellees contend that the trial judge's decision is supported by a number of opinions of our Supreme Court including *Matthieu v. Gas Co.,* 269 N.C. 212, 152 S.E. 2d 336, and *Jewell v. Price,* 264 N.C. 459, 142 S.E. 2d 1. In *Matthieu* plaintiff abandoned all causes of action except one for alleged negligent inspection of a furnace. It was this action for "negligent inspection" that the court held to be barred by the three year statute of limitation. The court also held that there was no evidence to support a jury-finding that plaintiffs were damaged by reason of negligent inspection by defendant. In *Matthieu* the controversy was over when the cause of action accrued and not which statute was applicable. (For recent legislation on when causes of action accrue, see G.S. 1-15(b), enacted in 1971.)

In *Jewell v. Price (supra)* the action was by the owners of a residence against their general contractor who was alleged to have been negligent in the installation of a furnace. The court held that the cause of action accrued on 15 November 1958 when plaintiffs accepted delivery of the structure, not on 18 January 1959 when the same was destroyed by fire. The court held that the action was barred by the three year statute,

suit not having been instituted until 12 January 1962. Instead of supporting the position that the three year statute should also be applied to bar the present action, we find, in *Jewell,* oblique support to the contrary in the following language of the court, speaking through Justice Sharp:

> "Plaintiffs rightly allow that subsection (5) of G.S. 1-50, enacted in 1963, after the institution of this suit, has no application. If this action was already barred when it was brought on January 12, 1962, it may not be revived by an act of the legislature, although that body may extend at will the time for bringing actions not already barred by an existing statute. . . ."

Appellees also rely on *Lewis v. Oil Company,* 1 N.C. App. 570, 162 S.E. 2d 135, which was an action for the recovery of damages sustained as the result of a fire which destroyed a tobacco barn and a quantity of tobacco. The action was based upon a breach of warranty of fitness and safety of a tobacco curer. This court sustained the trial court's adjudication that the claim was barred by the three year statute of limitations. The cause of action arose after the enactment of G.S. 1-50 (5). We think that the questions presented in the case at bar may be distinguished from the one resolved in *Lewis.* That case discloses no suggestion by the court or in the briefs of the parties that G.S. 1-50 (5) might be applicable. That action was based on a breach of warranty of a tobacco curer and was not based upon a defective improvement to real property. The tobacco curer is not described. It may well be that some tobacco curers are so installed as to constitute an improvement to real property but it does not appear that this was suggested to be so in the *Lewis* case.

We have not ignored the contention of the corporate defendant that, as the manufacturer of the heating system, it enjoys a status different from that of its co-defendant. It suffices to say that the pleadings are cast so as to allege a cause of action against the corporate defendant which may be brought within six years as provided by G.S. 1-50 (5).

For the reasons stated, the judgment from which plaintiff appealed is reversed.

Reversed.

Judges MORRIS and GRAHAM concur.