**A.C. MONK & COMPANY, INC., Plaintiff,**

v.

**UBAF ARAB AMERICAN BANK, Defendant.**

No. 4:94–CV–87–BO(1).

United States District Court, E.D. North Carolina, Eastern Division.

Jan. 31, 1995.

Pressly McAuley Millen, Womble, Carlyle, Sandridge & Rice, Christopher Terry Graebe, Raleigh, NC, for plaintiff.

Michael E. Weddington, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, NC, for defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter was heard before the undersigned on motion of the defendant to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The defendant asserts that the plaintiff has failed to state a claim upon which relief can be granted in that the statute of limitations bars the action, and that the plaintiff has not stated a cause of action under N.C.Gen.Stat. § 75–1.1.

## FACTS

The parties in this action are a tobacco exporter located in North Carolina, and a bank located in New York. The plaintiff tobacco exporter sold tobacco to Iraq in 1989. As a result of that sale, Rafidain Bank, an Iraqi bank, issued a letter of credit for deferred payment. Upon receipt of the deferred payment letter of credit from the Iraqi bank, the plaintiff obtained a promise from the defendant bank to pay the face amount of the letter of credit issued by the Iraqi bank. In return for its promise to pay, the plaintiff paid the defendant three-fourths of one percent (¾%) of the amount payable from the letter, which equaled $13,612.50.

Meanwhile, before the documents were presented for payment at the defendant bank, Iraq invaded Kuwait, and President Bush issued two Executive Orders blocking all transactions in "Iraqi-related property". The plaintiff subsequently demanded payment from the defendant, and the defendant refused to pay, stating the Executive Orders operated to freeze the transaction. The plaintiff's avenue for payment then came via the United States Treasury Department's enactment of the Iraqi Sanctions Regulations. These regulations provided that parties having a stake in property blocked by the Executive Order must obtain a litigation license in order to be paid. The plaintiff was unable to procure such a license until 1993. That license allowed the plaintiff to sue Iraq State Enterprise for Tobacco and Cigarettes, to which it sold the tobacco, and Rafidain Bank, which issued the original letter of credit. The license did not, however, include permission to bring the defendant bank into the suit.

Subsequently, the plaintiff obtained a judgment against Iraq SETC and Rafidain bank, but was unable to execute on that judgment as a result of the Iraqi Sanctions Regulations. The plaintiff then sought to obtain a specific litigation license to bring suit against the defendant on its obligation to pay the face amount of the letter. The defendant now asserts that because the suit was not filed until 1994, some five years after the

agreement between the parties, the plaintiff is barred from bringing this action, as the applicable three-year statute of limitations has run.

*STATUTE OF LIMITATIONS DEFENSE*

■ If the plaintiff was not entitled, by operation of Executive Orders and Iraqi Sanctions Regulations, to bring an action against the defendant, then the statute of limitations did not begin to run until the plaintiff was so entitled. *See City of Reidsville v. Burton,* 269 N.C. 206, 152 S.E.2d 147 (1967); *Martin v. Ray Lackey Enterprises, Inc.,* 100 N.C.App. 349, 356–57, 396 S.E.2d 327, 332 (1990) ("claim does not accrue until the injured party is at liberty to sue or is entitled to institute an action"). The Court finds that the transaction which took place between these parties involved Iraqi-related property. Therefore, the transaction was affected by the Iraqi Sanctions Regulations, such that the plaintiff was unable to gain the right to bring this action involving blocked property until 1994. The statute of limitations on this action was effectively tolled by the Executive Orders and the Iraqi Sanctions Regulations, and did not begin to run until the plaintiff obtained a litigation license to bring suit against the defendant.

*UNFAIR AND DECEPTIVE TRADE PRACTICES CLAIM*

■ The defendant also asserts that the plaintiff failed to state a claim for unfair and deceptive trade practices, under N.C.Gen. Stat. § 75–1.1. The complaint states that the defendant represented to the plaintiff that the defendant promised to honor the letter of credit in exchange for a commission of ¾% of the value of that letter, which amounted to $13,612.50. The plaintiff was led to believe that the defendant guaranteed the note, and at no time did the defendant assert that it was merely advising the letter, as it now contends. The complaint alleges that the defendant's acceptance of the significant commission, yet subsequent denial of its guarantor status constitutes a claim of unfair and deceptive trade practices. The plaintiff contends that the defendant continuously misrepresented its position, by leading the

plaintiff to believe the defendant was guarantor on the note, and held all the rights and obligations associated with being a guarantor. That claim in the complaint is sufficiently stated to survive a motion to dismiss.

The Court finds that the statute of limitations did not begin running until the plaintiff obtained its litigation license for the defendant. Further, the complaint states a claim under N.C.Gen.Stat. § 75–1.1. Accordingly, the motion to dismiss is DENIED in its entirety.