### W. H. HUGHES v. J. W. NEWSOM and others.

*Claim and Delivery, bond in—Duty of Sheriff—Official Bond, breach of—Statute of Limitations.*

Where, in claim and delivery, a sheriff returned the property to the defendant who gave a bond merely to indemnify the sheriff, and not such as the law requires in such case, *Held* to be a breach of the sheriff's official bond, for which an action could be at once instituted; and hence the statute limiting the time to sue upon official bonds to six years, began to run, and was in no way affected by the time at which the action of claim and delivery terminated.

(*Governor* v. *Munroe*, 4 Dev., 412, cited, distinguished and approved.)

CIVIL ACTION tried at January Special Term, 1882, of NORTHAMPTON Superior Court, before *Graves, J.*

This action is brought on the official bond of the defendant, Newsom, as sheriff of Northampton county, given in 1873, and on which the other defendants were his sureties. The case was submitted to the judge upon the following state of facts:

On the 19th of March, 1873, the plaintiff commenced an action for claim and delivery for certain horses, against one Capehart, returnable to the spring term of said superior court, and on the same day procured an order to be issued to said sheriff commanding him to take the horses from the possession of Capehart and deliver them to the plaintiff. The sheriff immediately executed the order, so far as to take the horses into his possession, but returned the same to Capehart upon his giving to him an undertaking, not, as the statute directs, for the delivery of the property to the plaintiff in case such delivery should be so adjudged, or for the payment of such sum as might be recovered against him in the action, but merely to save harmless and indemnify the sheriff from all loss on account of his having so restored the property to him.

This action for claim and delivery pended in said court until January term, 1878, when the plaintiff had a judgment against Capehart for the possession of the horses, or, in case of their non-delivery, for the sum of $140 as their value, and for damages for their detention, and for costs, under which he caused an execution to issue, which was returned *nulla bona.*

On the 11th of September, 1879, the plaintiff brought this action, assigning as a breach of the condition of said official bond, the failure of the sheriff to take from Capehart such an undertaking as the statute directed, before restoring to him the possession of the horses. The defence relied upon

is the statute limiting the time within which actions shall be brought upon bonds of public officers to six years.

Upon the foregoing facts the court held that the plaintiff's cause of action was barred by the statute, and gave judgment for the defendants, from which the plaintiff appealed.

*Mr. R. B. Peebles,* for plaintiff.
*Messrs. S. J. Wright* and *Willis Bagley,* for defendants.

RUFFIN, J. This court can perceive no error in the ruling of the court below. The instrument taken by the sheriff from Capehart (the defendant in the original action) was in direct violation of the duty, which as an officer he owed to the plaintiff; besides that, it was void on the ground of public policy, as being intended as an indemnity to a public officer for omitting to do that which the law, as well as the positive order of the court, injoined upon him to do. His taking such an instrument was a clear breach of his bond, which exposed him and his sureties to an immediate action at the instance of the plaintiff; and there can be no possible reason, so far as we can see, why the statute of limitations did not begin at once to run, or why it had not ripened into a bar at the institution of the present action.

The case is clearly distinguishable from *Governor* v. *Munroe,* 4 Dev., 412, where a sheriff to whom a *capias ad satisfaciendum* was directed, failed to take from the defendant a bail bond, such as the law directed; and it was held that for this breach of his bond, neither he nor his sureties were protected by the statute of limitations, until six years after final judgment in the original action. But the decision was put expressly on the ground that the statute, itself, declared that in such case *the sheriff should be deemed to be special bail,* to be proceeded against as bail in other cases—thus creating what Judge GASTON called *a continuing duty,* until the

consummation of which the statute could not run, as until then the default was not complete.

So it is too from *Gallarati* v. *Orser*, 27 N. Y., 324, to which we were also referred by counsel, where it was held that a sheriff who had failed to take a replevin bond as prescribed by law, could not be sued for his failure until after the final judgment in the main action. But this was because the New York Code contains, what ours does not, a provision which makes the sheriff, guilty of such default, liable just as a surety in a proper undertaking would be.

In the case now before us, there was no continuing duty; but the default, when once committed, was absolute and complete. It is true that in an action against the sheriff and his sureties, begun before the judgment fixing his title to the property, the plaintiff might have encountered greater difficulty in establishing his claim as against these defendants, and the extent of his damages by reason of the officer's default; still, this was a mere question of convenience, or of evidence, and not one of right or diligence. In no case, and as to no question, could the judgment in the original action conclude these defendants, as they are in no way privy to the defendant in that action, or parties to the record. And hence there could be no reason for postponing the commencement of this action until the determination of the other, and none, why the running of the statute should not immediately follow upon the commission of the breach.

Our conclusion therefore is that the judgment of the court below must be affirmed.

No error.                    Affirmed.