### WALTER HOOPER v. CARR LUMBER COMPANY.

(Filed 22 March, 1939.)

**1. Limitation of Action § 16—**

Where defendant pleads the appropriate statute of limitations the burden is upon plaintiff to prove that the action is not barred.

**2. Limitation of Action § 3—Action to recover damages for injury to lands from flooding, alleged to have been caused by negligent logging operations, held to accrue as of time of wrongful acts or omissions.**

Plaintiff instituted this action to recover damages resulting from the overflow of waters of a river alleged to have been caused by the negligent acts and omissions of defendant in its logging operations in the improper construction of bridges across the river, the leaving of tree laps and debris along the river bank and the negligent failure to remove the bridges after cessation of logging operations, which negligent acts and omissions transpired over a period of years. *Held:* While ordinarily a cause of action in tort does not accrue until some injury results from the negligence of defendant, the running of the statute of limitation in the present case must be computed from the time of the alleged wrongful acts or omissions.

HOOPER *v.* LUMBER CO.

**3. Limitation of Action § 6—Lower riparian owner alleging trespass from overflow of river on lands must show that upper proprietor was in possession and control within the statutory period.**

Plaintiff instituted this action to recover for damages resulting from the overflow on his lands of waters of a river alleged to have resulted from the negligent acts and omissions of defendant in its logging operations. *Held:* Even if it be conceded that the alleged negligence constituted a continuing omission of duty toward the plaintiff by defendant, plaintiff must show that defendant was in possession and control of the upper lands within the statutory period, C. S., 441.

**4. Limitation of Action § 18—Nonsuit on ground of bar of statute held proper upon failure of plaintiff to prove that action was not barred.**

In an action to recover damages resulting from the overflow of waters of a river upon plaintiff's land alleged to have been caused by the negligent acts and omissions of defendant in its logging operations upon the upper lands of the river, the failure of plaintiff to show that the alleged negligent acts or omissions causing the injury transpired within three years of the instituting of the action, or, if the injury be considered the result of a continuing omission of duty owed plaintiff by defendant, the failure of proof that defendant had been in possession and control of the lands within the three-year period entitles defendant to judgment as of nonsuit on the ground of the bar of the statute. C. S., 441.

**5. Appeal and Error § 41—**

Where it is determined that judgment as of nonsuit is properly entered upon the plea of the bar of statute of limitations, whether the evidence is sufficient to sustain the allegations of negligence and proximate cause need not be determined.

APPEAL of plaintiff from *Cowper, Special Judge,* at August Term, 1938, of HENDERSON. Affirmed.

The plaintiff sued for recovery of damages for injury to his lands, caused by the overflow of Mills River, and the consequent flooding and washing of the lands, alleged to have been brought about by the negligence of the defendant in its logging operations on the banks and slopes of the river, and the improper construction of bridges across the river, and want of due care in the maintenance and subsequent removal of the same.

It is alleged that for a great number of years the defendant maintained a railroad for the transportation of its lumber which had been cut in the Pisgah National Forest and other boundaries above plaintiff's property; that in these operations the defendant built and operated a logging railroad, and negligently constructed trestles over the main stream of Mills River and its tributaries, which were not so constructed as to permit a sufficient clearance for the flow of water under them in the natural course of the river; that the manner of construction of these trestles or bridges was such as to obstruct the water, cause logs and

debris washed down the stream from flood water to be lodged against the trestles, allowing the water to strike with great force against them. It is further alleged that in addition to such negligent construction of its trestles and bridges defendant cut great trees on the river, leaving the tree laps on the banks of the river which, with accumulated debris and wreckage, floated down the river under ordinary circumstances, washed upon plaintiff's property, lodged against the banks of the river, caused the river to turn from its natural course and flow through plaintiff's land, to plaintiff's great damage. It is further alleged that defendant ceased its logging operations in Henderson County during 1937 and left remaining on the ground logs, timber, debris, and wreckage, which caused the damage complained of. Plaintiff alleges that the defendant knew, or had reason to expect, that as a natural consequence of its alleged negligent acts damage would accrue to the plaintiff; and asks as compensation the sum of $3,000.

The defendant denies that it was negligent in any respect, and sets up as a further defense that the property upon which its logging operations had taken place was acquired by the United States Government through a conveyance covering a large boundary of Henderson and Transylvania counties, and that under this contract the defendant ceased its operations and vacated the property in the year 1934, since which time it had no right to go upon any part of the land for any purpose; and specifically pleads that all things done by it in the premises occurred more than three years before the institution of the suit, and pleads the three-year statute of limitations.

The plaintiff's evidence tended to show that the defendant had conducted the logging operations described in the complaint and had left upon the location trees, tree laps and debris, as described in the complaint; that the construction of the trestles used by the defendant were of such a nature as to obstruct the natural flow of water, under certain conditions, and that defendant had left these trestles and portions thereof under such conditions as to obstruct the flow of water and divert it at flood times; that logs and laps left from the operations of defendant had washed down upon plaintiff's land, and that about ten acres of the bottom land was badly flooded and washed by reason thereof. Plaintiff himself testified: "The logs I have testified about looked like logs I have seen on the Government land when I was on the Government property hunting in 1936 and 1937."

The evidence tended to show that during high water in 1936 and 1937 logs and stumps came down upon plaintiff's land, and that plaintiff sustained damages therefrom during those years.

At the end of plaintiff's evidence, and again at the conclusion of the defendant's evidence, the defendant moved for judgment as of nonsuit, which was allowed, and from the judgment of nonsuit plaintiff appealed.

*Arthur J. Redden and J. E. Shipman for plaintiff, appellant.*
*R. L. Whitmire and L. B. Prince for defendant, appellee.*

SEAWELL, J.   The statute of limitations having been pleaded, the burden was on the plaintiff to show that his cause of action against the defendant accrued within three years prior to the institution of the suit. *Southerland v. Crump,* 199 N. C., 111, 153 S. E., 845; *Phillips v. Penland,* 196 N. C., 425, 147 S. E., 731; *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32; *Marks v. McLeod,* 203 N. C., 257, 165 S. E., 693; *Aldridge v. Dixon,* 205 N. C., 480, 171 S. E., 777.

While the plaintiff could not have brought and maintained his action until some injury to his property had occurred by reason of the alleged negligent acts or omissions of duty of the defendant, it does not follow that the time of the injury marks the beginning point of the running of the statute of limitations.

Logically speaking, in a matter of tort at least, it takes both the negligent act or omission of duty, and the resultant injury, to constitute a cause of action; but since these may be widely separated in point of time, a closer analysis may be necessary in applying the statute of limitations.   Whatever definition of "cause of action" may be adopted (see 1 Am. Jur., p. 404, sec. 2), and whatever distinction may be made between the "right of action" and "cause of action," it seems clear that in a case of this sort both reason and authority require that the running of the statute must be computed from the time of the wrongful act or omission from which the injury resulted.   *Mobley v. Murray County,* 178 Ga., 388, 173 S. E., 680.   If we view the negligence or wrongful conduct complained of as a continuing omission of duty toward the plaintiff in permitting the logs, laps, and trestles to remain in the condition described, and a source of probable injury to plaintiff's land by causing obstructions in the river and consequent overflow, in order to repel the bar of the statute of limitations it must affirmatively appear from the evidence that these conditions were under control of the defendant, and the breach of duty with reference thereto had taken place some time within the period of three years preceding the injury.   C. S., 441.

The law will not permit recovery for negligence which has become *a fait accompli* at a remote time not within the statutory period, although injury may result from it within the period of limitation; nor will the fact that defendant failed to remedy conditions out of which plaintiff might have been damaged, but which conditions had passed

beyond his control more than three years prior to plaintiff's injury, be attributed to him as an omission of legal duty.

In this case, considering the evidence in its most favorable light to plaintiff, it does not affirmatively appear that the acts complained of—at least those to which plaintiff's injury under the evidence might have been attributable—had taken place within the three years prior to the institution of the suit; and if we should consider the leaving of the logs and laps and trestles in the condition described in the evidence in the aspect of a continuing omission of duty, plaintiff has not produced any evidence tending to show that the defendant had any further connection by way of ownership or lease with the premises or any circumstances from which control of these conditions at the time of plaintiff's injury or within the statutory period during which his cause of action must have accrued, might be inferred and thus repel the bar of the statute.

Under these circumstances, we need not inquire into the legal aspects of the controversy between the parties as to whether the evidence is sufficient to show negligence or wrongful conduct on the part of the defendant as the proximate cause of plaintiff's injury and damage.

The judgment of the court below is
Affirmed.