THURSTON MOTOR LINES, INC. v.
GENERAL MOTORS CORPORATION AND PAYNE TRUCK SALES, INC.

(Filed 12 December 1962.)

**Limitation of Actions § 4— Action for damages resulting from dangerous defect in machinery accrues at time of sale and not time substantial damage occurs.**

Plaintiff's allegations were to the effect that one defendant sold and the other defendant manufactured a motor vehicle equipped with a faulty and dangerous carburator, that defendants knew or by the exercise of due care should have known of such defect and failed to warn plaintiff thereof, and that by reason of such defect the vehicle subsequently caught fire to plaintiff's damage. *Held:* Plaintiff's cause of action, whether for negligence or for breach of warranty, accrued at the time plaintiff purchased the vehicle, since plaintiff then had a cause of action for nominal damages at least, and it appearing from the complaint that the action was not instituted until more than three years thereafter, judgment on the pleadings in favor of defendant is without error, it being immaterial that the actual or substantial damage did occur within three years of the institution of the action.

PARKER, J., dissents.

APPEAL by plaintiff from *Clark (Edward B.), Special Judge,* March 26, 1962, Special Term of WAKE.

Civil action instituted September 8, 1958, to recover damages allegedly caused by the joint and concurrent negligence of defendants.

The complaint, summarized in part and quoted in part, alleged:

In the latter part of June, 1955, plaintiff purchased from Payne Truck Sales, Inc. (Payne), agent and dealer for General Motors Corporation (General Motors), the manufacturer, a new 1955 GMC truck-tractor. On September 9, 1955, while being operated by plaintiff's driver, said truck-tractor was damaged by "a floorboard fire" that "enveloped the motor." The truck-tractor had been in service less than sixty days and had been driven less than four thousand miles.

The alleged facts on which plaintiff predicates its allegations of negligence are as follows:

"7. That plaintiff is informed and believes, and therefore alleges that said fire was caused by the loosening of the main jet passage plug in the model 660D Holly carburator of said GMC tractor, and such loosening was caused by vibration and fell out by reason of the fact that the carburator was *patently* defective and had been negligently manufactured and installed on said GMC tractor causing gas to leak from the carburator and fall upon the hot manifold and burst into flames thereby causing said fire and the resulting damage to plaintiff's truck." (Our italics)

The gist of plaintiff's numerous specifications of negligence is that each of defendants knew or should have known the carburator was defective and negligently failed to warn plaintiff of its defective condition.

Defendants filed separate answers, each consisting of a general denial of plaintiff's allegations.

On January 30, 1962, plaintiff moved for leave to amend its complaint by substituting the word "latently" in lieu of the word "patently" in paragraph 7 of the complaint, asserting the word "patently" had been used through inadvertence. On February 5, 1962, the court allowed plaintiff's said motion and also ordered "that defendant shall have an additional period of 30 days within which to file an amended answer to the complaint or amendment to complaint, in such manner as defendants or either of them deem advisable."

Thereafter, each defendant filed an amended answer. Each defendant, alleging as a further defense that plaintiff's cause of action, if any, arose in June, 1955, when the truck-tractor was delivered to plaintiff, pleaded the three-year statute of limitations in bar of plaintiff's right to recover. General Motors also pleaded the three-year statute of limitations in bar of the cause of action, if any, alleged in the amendment to complaint filed February 5, 1962.

After said amended answers were filed, each defendant moved in writing for judgment on the pleadings in its favor on the ground it appeared from the complaint that the cause of action alleged therein accrued more than three years prior to the commencement of this action.

Allowing said motions, the court entered judgment "that the plaintiff recover nothing of the defendants or either of them and that the costs of this action be taxed against the plaintiff." Plaintiff excepted and appealed.

*Teague, Johnson & Patterson and Ronald C. Dilthey for plaintiff, appellant.*

*Smith, Leach, Anderson & Dorsett for defendant appellee General Motors Corporation.*

*Morgan, Byerly, Post & Van Anda and S. Perry Keziah for defendant appellee Payne Truck Sales, Inc.*

BOBBITT, J. The question is whether defendants are entitled to judgment on the pleadings on the ground plaintiff's action, if any, is barred by the three-year statute of limitations.

While plaintiff alleges its damages were caused "as a direct and proximate result of the aforesaid negligence on the part of both de-

fendants," it is noted plaintiff alleged that both defendants, at the time plaintiff purchased the truck-tractor, "assured plaintiff that said GMC truck had been manufactured properly, was in good running condition and that defendants gave plaintiff the usual guarantee when said GMC truck was purchased."

For a full statement of the rules applicable upon consideration of a motion for judgment on the pleadings, see *Erickson v. Starling,* 235 N.C. 643, 656, 71 S.E. 2d 384.

For present purposes, the pertinent facts are: (1) The truck-tractor was purchased by plaintiff the latter part of June, 1955; (2) it was put into service on July 17, 1955; (3) the fire occurred September 9, 1955; (4) no alleged negligent act or omission of defendants occurred subsequent to the sale and delivery of the truck-tractor the latter part of June, 1955.

The period prescribed for the commencement of this action, whether considered an action for breach of warranty or an action for negligence, is three years from the time the cause of action accrued. G.S. 1-15; G.S. 1-46; G.S. 1-52(1); G.S. 1-52(4).

"In general a cause or right of action accrues, so as to start the running of the statute of limitations, as soon as the right to institute and maintain a suit arises, . . ." 54 C.J.S., Limitations of Actions § 109; 34 Am. Jur., Limitation of Action § 113; *Shearin v. Lloyd,* 246 N.C. 363, 367, 98 S.E. 2d 508.

Plaintiff contends its cause of action did not accrue until September 9, 1955, when the truck-tractor was damaged by fire; and that this action was instituted within three years, to wit, on September 8, 1958. Defendants contend plaintiff's cause of action, if any, accrued in the latter part of June, 1955, when the truck-tractor was sold and delivered to plaintiff, and is barred by the three-year statute of limitations.

"It is a firmly established rule that with certain exceptions, such as in the cases of covenants and indemnity contracts, the occurrence of an act or omission, whether it is a breach of contract or of duty, whereby one sustains a direct injury, however slight, starts the statute of limitations running against the right to maintain an action. It is sufficient if nominal damages are recoverable for the breach or for the wrong, and it is unimportant that the actual or substantial damage is not discovered or does not occur until later. However, it is well settled that where an act is not necessarily injurious or is not an invasion of the rights of another, and the act itself affords no cause of action, the statute of limitations begins to run against an action for consequential injuries resulting therefrom only from the time actual

damage ensues." 34 Am. Jur., Limitation of Actions § 115; 54 C.J.S., Limitations of Actions § 168.

In *Shearin v. Lloyd, supra,* decisions of this court tending to support the quoted general statement were cited and discussed. We refer, without repetition, to what is there stated.

In *Hooper v. Lumber Co.,* 215 N.C. 308, 1 S.E. 2d 818, it was held that the plaintiff's action, based on the alleged negligence of the defendant, was barred by the three-year statute of limitations; and the ground of decision was "that the running of the statute must be computed from the time of the wrongful act or omission from which the injury resulted," not from the time the injury occurred. The opinion states: "The law will not permit recovery for negligence which has become *a fait accompli* at a remote time not within the statutory period, although injury may result from it within the period of limitation." In this connection, see *Baucum v. Streater,* 50 N.C. 70; *Hughes v. Newsom,* 86 N.C. 424; *Daniel v. Grizzard,* 117 N.C. 105, 23 S.E. 93; *Bank v. McKinney,* 209 N.C. 668, 184 S.E. 506.

In decisions from other jurisdictions cited by plaintiff (*White v. Schnoebelen* (N.H.), 18 A. 2d 185; *Schmidt v. Merchants Despatch Transp. Co.* (N.Y.), 200 N.E. 824, 104 A.L.R. 450; *Wabash County v. Pearson* (Ind.), 22 N.E. 134), and in other decisions, it was held that a cause of action for negligence does not accrue unless and until injury results. Indeed, in *Hocutt v. R.R.,* 124 N.C. 214, 32 S.E. 681, it was held that the cause of action did not accrue until there had been an invasion of plaintiff's rights.

Whether this Court, in a case where there is no injury to plaintiff or invasion of his rights at the time of defendant's negligent act or omission, would follow *Hooper v. Lumber Co., supra,* need not be decided on this appeal. Decision on this appeal, as in *Shearin v. Lloyd, supra,* is based on the ground that plaintiff did sustain injury and his rights were invaded at the time of the alleged negligent acts and omissions of defendants.

In *Shearin v. Lloyd, supra,* it was held that plaintiff's cause of action for malpractice accrued when a surgeon, upon completing an operation, closed the incision without first removing a lap-pack he had introduced into plaintiff's body, not when the injurious consequences were or should have been discovered.

It is noted that the damages alleged by plaintiff relate directly and solely to the truck-tractor manufactured by General Motors and purchased by plaintiff from Payne. Plaintiff's cause of action, if any, derives from the relationship subsisting between plaintiff and defendants with reference to said truck-tractor.

Assuming, as alleged by plaintiff, the truck-tractor was equipped with a faulty and dangerous carburator, likely to cause said truck-

tractor to be "ignited with fire," when sold and delivered to plaintiff, and that defendants knew or by the exercise of due care should have known of such defective condition, and failed to warn plaintiff thereof, we are of opinion and hold that plaintiff suffered injury and his rights were invaded in the latter part of June, 1955, immediately upon the sale and delivery of the truck-tractor to plaintiff, and that a cause of action in favor of plaintiff and against defendants then accrued for which plaintiff was entitled to recover nominal damages at least. Hence, the judgment of the court below, based on the ruling that plaintiff's action is barred by the three-year statute of limitations, is affirmed.

Affirmed.

PARKER, J., dissents.