STATE OF NORTH CAROLINA v. CESSNA AIRCRAFT CORPORA-
TION AND CONTINENTAL MOTORS CORPORATION

No. 7010DC554

(Filed 21 October 1970)

**Limitation of Actions § 4; Aviation § 4— defective airplane engine — accrual of action for damages**

> Cause of action against an airplane engine manufacturer for damages arising out of the failure of an engine piston and connecting rod *is held* to accrue in 1966 when the plane containing the engine was purchased and not in 1967 when the plane crashed into plaintiff's building as a result of the piston and rod failure; consequently, plaintiff's action which was instituted in 1970 was barred by the three-year statute of limitations.

APPEAL by plaintiff from *Preston, District Judge,* 27 April 1970 Session, WAKE District Court.

This action was instituted on 19 February 1970. In its complaint plaintiff alleged in pertinent part as follows:

On 10 August 1966 Ernest W. Ross (Ross) and Francis M. Beam purchased from a dealer in Kinston, North Carolina, a certain described airplane manufactured and assembled by defendant Cessna Aircraft Corporation (Cessna), the plane being equipped with an engine manufactured by defendant Continental Motors Corporation (Continental). On 21 February 1967, while Ross was flying the plane near Kinston, the No. 5 piston and the connecting rod on the No. 5 cylinder broke, the engine stopped, and the plane was forced to the ground where it collided with a building at Caswell Center belonging to plaintiff resulting in damage to the building to the extent of $3,868.14. The plane crash and resultant damage were caused by the joint and concurrent negligence of defendants in that: Continental manufactured and installed in the engine a piston and connecting rod of insufficient strength to withstand normal and foreseeable stress and strain and containing a latent defect; Continental failed to exercise reasonable care to discover said defect which in the exercise of due diligence it should have known existed; Continental failed to use reasonable care in the design, selection of material, workmanship, inspection procedures and testing for the discovery of latent defects in the pistons and connecting rods installed in said engine, which defects could have been discovered upon the exercise of reasonable care and diligence; Cessna installed into said airplane

an engine containing a piston and connecting rod with a latent defect which were of insufficient strength to withstand normal and foreseeable stress and strain and neglected to exercise reasonable care to discover said defect; Continental and Cessna failed and neglected to warn or notify the purchaser of said airplane of said latent defects.

On 20 March 1970, Continental entered a special appearance and moved to dismiss for that it was not a citizen of North Carolina, was not engaged in doing business in the State, and the court did not obtain jurisdiction by the service of process on the Secretary of State of North Carolina. On 23 April 1970 Cessna filed answer and motion for summary judgment pleading, among other things, the three years statute of limitations.

On 15 May 1970, following a hearing, the trial court entered an order allowing Continental's motion to dismiss the action as to it. On 10 June 1970, pursuant to a hearing, the court entered judgment allowing Cessna's motion for summary judgment on the ground that any claim which plaintiff might have had against Cessna arose on 10 August 1966, more than three years prior to the institution of the action, therefore was barred by the three years statute of limitations.

Plaintiff appealed from the order and judgment, assigning error.

*Attorney General Robert Morgan by Assistant Attorney General Roy A. Giles, Jr. for the State.*

*Young, Moore and Henderson by Gerald L. Bass for defendant appellees.*

BRITT, Judge.

Plaintiff assigns as error the granting of the motion to dismiss the action as to Continental. A careful review of the record impels us to conclude that the assignment is without merit and it is overruled.

Plaintiff's other assignment of error is to the granting of Cessna's motion for summary judgment based on its plea of the three years statute of limitations. We agree with the action of the trial court and its conclusion that any claim which plaintiff might have had against Cessna arose on 10 August 1966, the

State v. Aircraft Corp.

date of the sale of the airplane to Ross and Beam, which date was more than three years prior to the institution of the action.

We think the decisions of our Supreme Court in *Thurston Motor Lines, Inc. v. General Motors Corporation*, 258 N.C. 323, 128 S.E. 2d 413 (1962), and *Hooper v. Lumber Company*, 215 N.C. 308, 1 S.E. 2d 818 (1939), are controlling in this case. The facts and holding in the Motor Lines case are accurately set forth in the headnote to the opinion (written by Bobbitt, J., now C.J.) as follows:

> "Plaintiff's allegations were to the effect that one defendant sold and the other defendant manufactured a motor vehicle equipped with a faulty and dangerous carburetor, that defendants knew or by the exercise of due care should have known of such defect and failed to warn plaintiff thereof, and that by reason of such defect the vehicle subsequently caught fire to plaintiff's damage. HELD: Plaintiff's cause of action, whether for negligence or for breach of warranty, accrued at the time plaintiff purchased the vehicle, since plaintiff then had a cause for action for nominal damages at least, and it appearing from the complaint that the action was not instituted until more than three years thereafter, judgment on the pleadings in favor of defendant is without error, it being immaterial that the actual or substantial damage did occur within three years of the institution of the action."

But plaintiff contends its position differs from that of plaintiff in the Motor Lines case because the plaintiff in that case was the purchaser of the alleged defective motor. In *Hooper v. Lumber Company, supra,* plaintiff instituted an action to recover damages resulting from the overflow of waters of a river alleged to have been caused by the negligent acts and omission of defendant in its logging operations in the improper construction of bridges across the river, the leaving of tree laps and debris along the river bank, and the negligent failure to remove the bridges after cessation of logging operations. Plaintiff, a lower riparian property owner, was in no way a party to or interested in the logging operations. We quote from the opinion by Seawell, J.:

> "The statute of limitations having been pleaded, the burden was on the plaintiff to show that his cause of action against

State v. Aircraft Corp.

the defendant accrued within three years prior to the institution of the suit. (numerous citations)

"While the plaintiff could not have brought and maintained his action until some injury to his property had occurred by reason of the alleged negligent acts or omissions of duty of the defendant, it does not follow that the time of the injury marks the beginning point of the running of the statute of limitations.

"Logically speaking, in a matter of tort at least, it takes both the negligent act or omission of duty, and the resultant injury, to constitute a cause of action; but since these may be widely separated in point of time, a closer analysis may be necessary in applying the statute of limitations. Whatever definition of 'cause of action' may be adopted (see 1 Am. Jur., p. 404, sec. 2), and whatever distinction may be made between the 'right of action' and 'cause of action,' it seems clear that in a case of this sort both reason and authority require that the running of the statute must be computed from the time of the wrongful act or omission from which the injury resulted. *Mobley v. Murray County*, 178 Ga., 388, 173 S.E., 680. If we view the negligence or wrongful conduct complained of as a continuing omission of duty toward the plaintiff in permitting the logs, laps, and trestles to remain in the condition described, and a source of probable injury to plaintiff's land by causing obstructions in the river and consequent overflow, in order to repel the bar of the statute of limitations it must affirmatively appear from the evidence that these conditions were under control of the defendant, and the breach of duty with reference thereto had taken place some time within the period of three years preceding the injury. C.S., 441."

In the instant case, the alleged wrongful act or omission occurred on 10 August 1966 when the Cessna airplane was sold to Ross and Beam. Plaintiff makes no allegation that Cessna had any control over the airplane after that date. The assignment of error is overruled.

The order and judgment appealed from are

Affirmed.

Judges CAMPBELL and VAUGHN concur.