JAMES NORFLEET JARRELL v. SAMSONITE CORPORATION (A
FOREIGN CORPORATION), AND HERB COCHRANE, T/A C & C RES-
TAURANT

No. 7126SC681

(Filed 17 November 1971)

1. **Limitation of Actions § 4— injury caused by defective chair — accrual of action against manufacturer**

    Cause of action against a chair manufacturer for an injury aris-
    ing out of the use of the chair in a restaurant *is held* to accrue when
    the chair was sold to the restaurant owner and not when the injury
    occurred; consequently, plaintiff's cause of action against the manu-
    facturer which was instituted more than three years after the chair
    was sold is barred by the statute of limitations. G.S. 1-52.

2. **Rules of Civil Procedure § 56— summary judgment — defendant's satisfaction of his burden of proof — proof by plaintiff**

    If the defendant moving for summary judgment successfully
    carries his burden of proof, the plaintiff may not rely on the bare
    allegations of his complaint to establish triable issues of fact, but
    must, by affidavits or otherwise, set forth specific facts showing that
    there is a genuine issue for trial.

APPEAL by plaintiff from *Hasty, Judge,* 21 June 1971 Ses-
sion of Superior Court held in MECKLENBURG County

This is a civil action wherein plaintiff seeks to recover
damages for personal injury allegedly sustained when plaintiff
sat in a chair designed, manufactured and distributed by defend-
ant, Samsonite Corporation (Samsonite), and used in a restau-
rant owned and operated by the defendant, Herb Cochrane
(Cochrane).

In his complaint, plaintiff alleged that the defendant
Cochrane was the owner or part-owner of a restaurant operating
under the name of C & C Restaurant in Huntersville, North
Carolina; that on 25 April 1969, while the plaintiff was in the
C & C Restaurant as a customer, a chair belonging to defendant
Cochrane and manufactured, sold, and distributed by defendant
Samsonite crushed the plaintiff's finger, and that the injury
was the result of negligence of Cochrane or Samsonite or both.
Plaintiff alleged that Samsonite negligently designed, inspected
and tested the chair and failed to give adequate warning of
its danger and adequate direction for its use.

On 18 May 1971, the defendant Samsonite moved for summary judgment in its favor on the ground that there was no genuine issue as to any material fact and that the defendant Samsonite was entitled to judgment as a matter of law in that plaintiff's claim against the defendant Samsonite was barred by the statute of limitations, G.S. 1-52.

The defendant Samsonite's motion was supported by the following pertinent interrogatories and answers of defendant Cochrane, verified 4 September 1970:

"11. How many other chairs like this said Samsonite chair did you have in your place of business on the said date of Plaintiff's injury?

*       *       *

11. I had a total of 44 such chairs. I had had them four and one-half years on the premises."

"12. How long had you had the types of said Samsonite chairs in your premises of the type which injured the Plaintiff on April 25th, 1969?

*       *       *

12. I had had them four and one-half years on the premises. I do not know that the plaintiff was injured by any one of them."

"13.  a)  From whom and when did you purchase the Samsonite chairs?

b)  How much was the approximate price thereof?

*       *       *

13.  (a)  Harris-Teeter Super Market; delivered in store at Cornelius.

(b)  About $3.00 apiece."

On 21 June 1971, plaintiff filed a "Response to Motion for Summary Judgment" wherein plaintiff reiterated some of the allegations in his complaint and denied that his claim was barred by the three-year statute of limitations.

On 24 June 1971, after hearing, the court allowed defendant Samsonite's motion for summary judgment.

The plaintiff appealed.

*Don Davis for plaintiff appellant.*

*Carpenter, Golding, Crews & Meekins by James P. Crews for Samsonite Corporation, defendant appellee.*

HEDRICK, Judge.

[1]  The question presented on this appeal is whether the record discloses that plaintiff's claim against the defendant Samsonite is barred by the running of the statute of limitations. If so, the defendant Samsonite was entitled to judgment as a matter of law and the entry of summary judgment under G.S. 1A-1, Rule 56, was appropriate. *Brantley v. Dunstan,* 10 N.C. App. 706, 179 S.E. 2d 878 (1971).

[2]  If the defendant moving for summary judgment successfully carries his burden of proof, the plaintiff may not rely on the bare allegations of his complaint to establish triable issues of fact, but must, by affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial. *Haithcock v. Chimney Rock Co.,* 10 N.C. App. 696, 179 S.E. 2d 865 (1971).

[1]  In the present case the answers of defendant Cochrane to the interrogatories disclose that the chair which plaintiff alleged caused his injury was purchased by the defendant Cochrane from Harris-Teeter Super Market more than three years before plaintiff's suit was instituted against the defendant Samsonite or the defendant Cochrane.

Although the plaintiff filed a response to the motion for summary judgment, he did not set out in his opposing affidavit specific facts showing that the chair had not been in the defendant Cochrane's possession for more than three years before the suit was instituted, as shown in the answers to the interrogatories, or that the chair had been under the control of the defendant Samsonite within three years of the time that suit was instituted.

As to when the statute of limitations commenced to run, we think the recent decision of this Court in *State v. Aircraft Corp.,* 9 N.C. App. 557, 176 S.E. 2d 796 (1970), is controlling. There the State sought to recover for damages allegedly sustained by one of its buildings when an airplane manufactured, assembled and sold by defendant Cessna more than three years prior to the date suit was instituted crashed into the building

as a result of the negligence of the defendant Cessna in the manufacture, assembly and sale of the plane. Citing as authority, *Thurston Motor Lines, Inc. v. General Motors Corporation*, 258 N.C. 323, 128 S.E. 2d 413 (1962), and *Hooper v. Lumber Co.*, 215 N.C. 308, 1 S.E. 2d 818 (1939), this Court held that the statute of limitations commenced to run on the date the airplane was sold by defendant Cessna and not on the date of the crash.

Since the record in the instant case discloses clearly that the chair which allegedly caused plaintiff's injury had been sold to the defendant Cochrane, and had been out of the control of the defendant Samsonite for more than three years before suit was instituted, we hold that the defendant Samsonite was entitled to judgment as a matter of law because of the running of the three-year statute of limitations, G.S. 1-52, and the entry of summary judgment was appropriate.

Affirmed.

Chief Judge MALLARD and Judge GRAHAM concur.