PAULINE BRADLEY v. LEWIS MOTORS, INC., AND FORD
MOTOR COMPANY

No. 7127DC710

(Filed 17 November 1971)

Limitation of Actions § 4; Sales § 22— defective automobile — accrual of
action against manufacturer

Plaintiff's claim for relief against an automobile manufacturer
for damages allegedly resulting from a defect in the steering mechanism
of plaintiff's automobile accrued on the date plaintiff purchased the
automobile and was barred by the three-year statute of limitations,
the action having been commenced prior to the effective date of G.S.
1-15(b).

APPEAL by plaintiff from *Mull, District Judge,* 26 August
1971, GASTON District Court.

This action was instituted by the issuance of summons and
filing of complaint on 24 May 1971. Plaintiff seeks to recover
for personal injury and property damage allegedly sustained by
her when a Ford Mustang manufactured by defendant Ford
Motor Company (Ford) and purchased by her from defendant
Lewis Motors, Inc. (Lewis) went out of control and crashed
into a metal rail on the side of a highway. Pertinent allegations
of the complaint are summarized as follows:

On 13 January 1967 plaintiff purchased a new 1967 Ford
Mustang from defendant Lewis, said Lewis being engaged in
the sale of automobile products manufactured by defendant
Ford. At the time of the purchase said automobile, including
its steering mechanism and brakes, was warranted by defendant
Ford to be in good condition. Approximately three weeks later
as plaintiff was driving the vehicle it went out of control when
the front wheels unexpectedly turned to the right. Defendant
Lewis removed the automobile to its place of business where
the steering defect was supposedly corrected. Thereafter, plain-
tiff had a similar experience with said Mustang and defendant
Lewis again purportedly corrected the steering defect. Sometime
thereafter plaintiff received a notice from defendant Ford
requesting that she return the car to defendant Lewis for cor-
rection of certain latent defects. Plaintiff did as requested and
defendant Lewis purportedly repaired the defects and assured
plaintiff that the vehicle was then in safe condition to be
operated. On 15 April 1969 while plaintiff was operating said

Bradley v. Motors, Inc.

Mustang on Interstate Highway 85 in Mecklenburg County, the front wheels suddenly "swerved to the left and the steering wheel became locked," causing the car to crash into a metal rail adjacent to the highway, resulting in injuries to plaintiff and damage to her property.

Defendant Ford filed answer and among other defenses alleged that any right of action or claim for relief set forth in the complaint against it did not accrue within three years next before the commencement of the action and is therefore barred by the applicable statute of limitations.

Defendant Ford also filed motion for summary judgment and for judgment on the pleadings pursuant to Rules 12 and 56 of the Rules of Civil Procedure, setting forth, among other things, that the action is barred by G.S. 1-52 in that any claim for relief set forth in the complaint against Ford accrued more than three years prior to the date of the institution of the action.

Following a hearing the trial court allowed defendant Ford's motion for summary judgment and adjudged that the action as against Ford be dismissed. Plaintiff appealed.

*Joseph B. Roberts III for the appellant.*

*Carpenter, Golding, Crews & Meekins by James P. Crews for defendant appellee.*

BRITT, Judge.

Did the trial court err in granting summary judgment in favor of defendant Ford? We hold that it did not.

Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c). *Lee v. Shor,* 10 N.C. App. 231, 178 S.E. 2d 101 (1970). For the reasons stated by us in *State v. Aircraft Corp.,* 9 N.C. App. 557, 176 S.E. 2d 796 (1970), we think plaintiff's claim for relief alleged against defendant Ford accrued on 13 January 1967 when she purchased the Mustang, which date was more than three years prior to the date she instituted this action. The pleadings show

that defendant Ford was entitled to summary judgment on its plea of the three years statute of limitations.

We are aware of the proviso of Chapter 1157 of the 1971 Session Laws, codified as G.S. 1-15(b) ; however, Section 2 of the act provides that it shall become effective upon ratification and shall not affect pending litigation. The act was ratified on 21 July 1971, some 60 days after this action was instituted.

The judgment appealed from is

Affirmed.

Judges BROCK and VAUGHN concur.