CLYDE RICHARDSON PLOTT v. WACHOVIA BANK AND TRUST COMPANY (A BANKING CORPORATION)

No. 7126DC680

(Filed 17 November 1971)

Limitation of Actions § 4; Retirement Systems § 5— pension trust — action against trustee — statute of limitations

Where plaintiff alleged that under the terms of a pension trust for which defendant was trustee, he became entitled to the payment of $817.50 on 30 January 1953 and that defendant was legally obligated to pay him that amount on 30 January 1953, plaintiff's action instituted against defendant in 1970 is barred by the statute of limitations.

APPEAL by plaintiff from *Johnson, District Judge,* 14 June 1971 Session of District Court held in MECKLENBURG County.

Defendant moved to dismiss or for judgment on the pleadings. The court allowed the motion and plaintiff appealed.

*Don Davis for plaintiff appellant.*

*Helms, Mulliss & Johnston by Robert B. Cordle for defendant appellee.*

MALLARD, Chief Judge.

The allegations of plaintiff's complaint, filed 6 October 1970, are set forth as follows:

"1. That the Defendant is a banking corporation and is doing business and operating in the State of North Carolina.

2. That sometime before January 30th, 1953, the Plaintiff was employed by the Queen City Coach Co. and that thereafter sometime before January 30th, 1953, the Plaintiff's employment with said Queen City Coach Co. ceased.

3. That under or by virtue of his employment with the said Queen City Coach Co., the Plaintiff on or about January 30th, 1953, became entitled to payment of $817.50 under a so-called 'Queen City Coach Pension Trust Agreement' of which the Defendant, Wachovia Bank and Trust Co. was Trustee thereof.

4. The defendant Wachovia Bank and Trust Co. was legally obligated to pay unto the Plaintiff on or about January 30th, 1953, the said sum of $817.50 in its fiduciary capacity.

5. That the Defendant Wachovia Bank and Trust Co., Trustee, has failed and refused to pay unto the Plaintiff the said $817.50 due him; and

6. There is legally due and owing the Plaintiff the sum of $817.50 by the Defendant Wachovia Bank and Trust Co. as Trustee; and

7. The Plaintiff demands Judgment against the Defendant Wachovia Bank and Trust Co. in the amount of $817.50, together with interest thereon from January 30th, 1953, at the rate of 6% per annum until paid."

In the answer, paragraphs numbered 1, 2, 3 and 4 are admitted and 5, 6 and 7 are denied. Defendant, for further answers, pleaded payment and the statute of limitations in bar of the claim. After answer was filed but on same date (12 November 1970), defendant filed a "Motion to Dismiss Or For Judgment On The Pleadings," asserting as grounds the "failure to state a claim against the defendant upon which relief can be granted, in that it appears from the face of the complaint herein that claim is barred by the applicable statute of limitations, North Carolina General Statutes section 1-52."

According to the allegations in the complaint, plaintiff's cause of action accrued in 1953. When this action was brought, it was barred by the statute of limitations. "Statutes of limitation are inflexible and unyielding." *Shearin v. Lloyd*, 246 N.C. 363, 98 S.E. 2d 508 (1957). See also *State v. Aircraft Corp.*, 9 N.C. App. 557, 176 S.E. 2d 796 (1970), and 7 Wake Forest Law Review 101 (1970).

We hold that the trial judge, on this record, did not commit prejudicial error on 16 June 1971 when, after a hearing, the motion of the defendant was allowed and the action dismissed.

Affirmed.

Judges HEDRICK and GRAHAM concur.