**Sammy DAVIS, Plaintiff,**

v.

**E. I. DuPONT DeNEMOURS & CO., INC., et al., Defendants.**

**No. ST–C–74–13.**

United States District Court, W. D. North Carolina, Statesville Division.

Dec. 20, 1974.

Eugene H. Phillips, Winston-Salem, N. C., Jerome Edelman, Melvin Block, Brooklyn, N. Y., for plaintiff.

McNeill Smith, Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., for defendants.

Townley, Updike, Carter & Rodgers, New York City, for DuPont.

Cravath, Swaine & Moore, New York City, for Hercules.

Roger, Hoge & Hills, New York City, for Atlas.

Montfort, Healy, McGuire & Salley, Garden City, N. Y., for American Cynamid & Olin Corp.

Martin, Bloom, Lipton & VanDe Walle, Great Neck, N. Y., for Austin.

Frank H. Gordon, New York City, for IME.

## MEMORANDUM AND ORDER

WOODROW WILSON JONES, Chief Judge.

This matter is before the Court upon the defendants' Motions for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure, on the ground that the plaintiff's alleged cause of action is barred by the applicable statute of limitations. The Motions were heard by the Court in Statesville on October 31, 1974 and, upon consideration of the Amended Complaint, the deposition testimony of the plaintiff, the affidavit of William J. Holman, the briefs, arguments of counsel, and the statements of counsel for both plaintiff and defendants that there is no issue as to facts material to the determination of the question of the statute of limitations and that such issue is one of law and is ripe for decision, the Court now determines the issue and enters its findings and conclusions.

This action was instituted by thirteen plaintiffs, one of whom is Sammy Davis, in the United States District Court for the Eastern District of New York in September of 1970. In January of 1974 the claims of the thirteen plaintiffs were ordered severed and transferred, under 28 U.S.C.A. § 1404(a), to the appropriate district court in the various states where the alleged accidents giving rise to the respective claims had occurred. *Chance v. DuPont*, 371 F.Supp. 439 (E.D.N.Y. 1974). An Amended Complaint specifically setting forth the alleged claim of the plaintiff herein, Sammy Davis, was filed in this court in Statesville on April 17, 1974. The gravamen of the plaintiff's Complaint lies in the allegation that the defendants participated in the manufacture and sale of a defective blasting cap, and failed to adequately warn of the dangers, resulting in injury to the said plaintiff.

The following specific facts are gleaned from the Holman affidavit, the deposition of the plaintiff, and the pleadings and documents before the Court, and are not in dispute.

William Holman, who resides on the Union Grove Road, near Lenoir, North Carolina, purchased and used some electric blasting caps in connection with the digging of the basement in the construction of his home in the latter part of 1946. The plaintiff, whose family lived next door to Mr. Holman on the Union Grove Road, was born on July 28, 1947. On January 13, 1959, plaintiff, while helping Mr. Holman's teen-age son clean out a shed on the Holman property, found two of the electric blasting caps purchased by Holman in 1946. The caps appeared to the plaintiff to be a small

ball of wire which he took home with him at the end of the day with the permission of Holman's son. After reaching his home the plaintiff untangled the ball of wire and found inside two blasting caps with wire attached to them. He thereupon lit three matches to one of the blasting caps, causing it to explode. In the explosion he lost the sight of one of his eyes.

The blasting caps were purchased, and the explosion which injured the plaintiff occurred, within the Western District of North Carolina.

■ Since this action is based upon diversity of citizenship and was transferred to this district from the Eastern District of New York, the choice-of-law rules that would have been applied by the courts in New York are to be applied here. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed 1477 (1941). The New York statute, which determines the statute of limitations, provides that:

"An action based upon a cause of action accruing without the state [of New York] cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued . . . ." *New York Civil Practice Law and Rules* § 202; *Braniff Airways, Inc. v. Curtiss-Wright Corp.*, 411 F.2d 451 (2nd Cir. 1969).

■■ It therefore appears that if the plaintiff's alleged cause of action is barred by the period of limitations prescribed by North Carolina law, it would be barred in the courts of New York. Therefore, it follows that the North Carolina statute of limitations law is applicable here and we must examine such law to determine whether plaintiff's action is barred.

The North Carolina statutes which were in effect at the time of the alleged sale of the blasting caps and the alleged injury read as follows:

G.S. § 1–15. *Statute runs from accrual of action.*—Civil actions can only be commenced within the periods prescribed in this chapter, after the cause of action has accrued, except where in special cases a different limitation is prescribed by statute.

G.S. § 1–52. *Three years.—Within three years an action—*

(5) for criminal conversation, or for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated.

■ There appears to be no doubt that the three year statute of limitations applies here but the point of dispute is as to when the alleged cause of action accrued. The defendants contend that the statute, as interpreted by the North Carolina courts, requires that an action by any person for damages alleged to result from a defective product must be instituted within three years from the date of the sale of the product. They cite and rely upon the following cases in support of their contention: *Jarrell v. Samsonite Corporation*, 12 N.C.App. 673, 184 S.E. 2d 376 (1971); *cert. den.*, 280 N.C. 180, 185 S.E.2d 704 (1972); *State v. Cessna Aircraft Corporation*, 9 N.C.App. 557, 176 S.E.2d 796 (1970); *Green v. M.T.D. Products, Inc.*, 449 F.2d 757 (4th Cir. 1971); *Hooper v. Carr Lumber Company*, 215 N.C. 308, 1 S.E.2d 818 (1939); *Hargraves v. Brackett Stripping Machine Company*, 317 F.Supp. 676 (E.D.Tenn. 1970).

The plaintiff contends that the statute would not begin to run until the alleged injury to the plaintiff occurred which is the date of the explosion, January 13, 1959, and the resulting injury to the plaintiff's eye. The plaintiff further contends that since he was an infant of the age of 11 years, 5½ months, at the time of the explosion, then G.S. § 1–17 would toll the three year statute so that it would not begin to run until he reached his 21st birthday, July 28, 1968. He contends that the action was filed in September 1970 and is therefore not barred by the statute of limitations.

The defendants contend that G.S. § 1–17, which provides that a person entitled to commence an action during his minority may do so within the time limited by the applicable statute of limitations after he reaches his majority, has no application here. They contend that under the applicable statute of limitations as interpreted by the North Carolina courts, the period of limitation had long since run and the plaintiff was not entitled to commence an action when this action was instituted; that the disability statute cannot now create in the plaintiff rights which he did not have in 1959.

The Complaint recites two claims against the defendants. The first claim is designated "IN NEGLIGENCE", and contends that the plaintiff "was injured by a blasting cap, jointly and/or severally manufactured, designed, sold, planned, distributed and fabricated, defectively and unsafely made, insufficiently labeled and containing no or an insufficient warning of the inherent dangerous instrumentality involved and the risk and injuries resulting therefrom by the defendants herein." The second claim is labeled "IN STRICT LIABILITY IN TORT", and alleges "Upon information and belief, the defendants herein are strictly liable in tort in that they did place into the stream of commerce, manufacture, distribute, sell and permit the design, manufacture, distribution, sale, resale and use of its inherently and intrinsically dangerous blasting cap, a high explosive, an inherently dangerous article, in an unsafe, unlabeled, mislabeled, and defective manner, and failed to adequately and fully warn persons and especially children who would foreseeably use, handle or come into contact with said blasting cap, and more particularly, the plaintiff herein, of the risk and danger in the use and handling of said blasting cap, of its true nature and destructive qualities."

Products liability cases are usually founded upon one of three theories of law—breach of warranty, negligence, and strict liability. Although breach of warranty was historically sounded in tort, it has evolved under North Carolina law into primarily a contract concept, based upon an agreement between the parties. This identification of a warranty claim with contract principles gave rise to the requirement of privity of contract in order to maintain an action. North Carolina law adhered to this theory and as a result the concept or theory of strict liability has never been applied in a products liability case. Ordinarily, privity was required in all such cases whether based on warranty or negligence. In recent years the case law began to develop some exceptions to the privity rule in products liability cases grounded on negligence—such as the dangerous instrumentalities exception. *Jones v. Elevator Co.*, 231 N.C. 285, 56 S.E.2d 684 (1949). Finally, in *Corprew v. Chemical Corp.*, 271 N.C. 485, 157 S.E.2d 98 (1967), the North Carolina Supreme Court completely eliminated the requirement of privity in cases based on negligence. Chief Justice Parker, speaking for the court, said:

> "Paraphrasing the Massachusetts Court in *Carter v. Yardley & Co., Ltd., supra,* the time has come for us to recognize that the exceptions to the general rule of non-liability of a manufacturer for negligence because of lack of privity of contract have so swallowed up the general rule of non-liability that such general rule for all practical purposes has ceased to exist. Its principle was unsound. It tended to produce unjust results. It has been abandoned by the great weight of authority elsewhere. We have abandoned it in this jurisdiction."

■■ While the requirement for privity has been eliminated in products cases based on negligence, there appears to be no change in the North Carolina rule that the cause of action accrues at the time of the sale of the product and the statute of limitations begins to run at that time. This seems to be contrary to

the general rule in ordinary negligence cases where the cause of action accrues at the time of the injury.

In *Commercial Union Co. v. Electric Corp.*, 15 N.C.App. 406, 190 S.E.2d 364 (1972), the court said:

"The courts of this State have consistently held that the statute of limitations for claims for injury or damage from a defective product begins to run from the date of the sale and delivery of the product (not the date of the ultimate failure of the product or the injury). *Bradley v. Motors, Inc.*, 12 N.C.App. 685, 184 S.E.2d 397; *Jarrell v. Samsonite Corp.*, 12 N.C.App. 673, 184 S.E.2d 376; *State v. Aircraft Corp.*, 9 N.C.App. 557, 176 S.E.2d 796; *Motor Lines v. General Motors Corp. supra.* (258 N.C. 323, 128 S.E.2d 413)."

In *Jarrell v. Samsonite Corp., supra,* the plaintiff, a customer in a restaurant, was injured by a chair manufactured by the defendant, Samsonite Corporation, and purchased by the owner of the restaurant. He sued Samsonite, alleging negligent design, inspection and testing, and failure to give adequate warning of its danger and adequate direction for its use. Discovery procedures developed that the restaurant owner purchased the chairs more than three years prior to the plaintiff's injuries, and the defendant moved for summary judgment on the grounds that plaintiff's claim was barred by the statute of limitations, G.S. § 1–52. The court held:

"As to when the statute of limitations commenced to run, we think the recent decision of this Court in *State v. Aircraft Corp.*, 9 N.C.App. 557, 176 S. E.2d 796 (1970), is controlling. There the State sought to recover for damages allegedly sustained by one of its buildings when an airplane manufactured, assembled and sold by defendant Cessna more than three years prior to the date suit was instituted crashed into the building as a result of the negligence of the defendant Cessna in the manufacture, assembly and sale of the plane. Citing as authority, *Thurston Motor Lines, Inc. v. General Motors Corp.*, 258 N.C. 323, 128 S.E.2d 413 (1962), and *Hooper v. Lumber Co.*, 215 N.C. 308, 1 S.E.2d 818 (1939), this Court held that the statute of limitations commenced to run on the date the airplane was sold by defendant Cessna and not on the date of the crash.

"Since the record in the instant case discloses clearly that the chair which allegedly caused plaintiff's injury had been sold to the defendant Cochrane, and had been out of the control of the defendant Samsonite for more than three years before suit was instituted, we hold that the defendant Samsonite was entitled to judgment as a matter of law because of the running of the three-year statute of limitations, G.S. § 1–52, and the entry of summary judgment was appropriate."

In *Hooper v. Lumber Company,* 215 N.C. 308, 1 S.E.2d 818, it was held that the plaintiff's action, based on the alleged negligence of the defendant, was barred by the three year statute of limitations, and the basis for the decision was "that the running of the statute must be computed from the time of the wrongful act or omission from which the injury resulted", not from the time the injury occurred.

In the case of *Motor Lines v. General Motors Corp.*, 258 N.C. 323, 128 S.E.2d 413, the court, relying upon *Hooper v. Lumber Company, supra,* and *Shearin v. Lloyd,* 246 N.C. 363, 98 S.E.2d 508, held that the cause of action for damages allegedly caused by the defendant's negligent manufacture of a new truck and its failure to warn of a latent defect accrued at the time of the purchase of the truck rather than at the time of the alleged injury. However, the decision was premised upon the court's holding that the plaintiff did sustain some injury, however slight, at the time of the purchase of the truck. The court went on to say: "Whether this Court, in a case where there is no injury to plaintiff or invasion of his rights at the time of defendant's

negligent act or omission, would follow *Hooper v. Lumber Company, supra,* need not be decided on this appeal." The court was given an opportunity to pass upon that question in the case of *Jarrell v. Samsonite Corporation, supra,* but certiorari was denied. It therefore appears that the North Carolina law on this subject is correctly stated in *Jarrell v. Samsonite Corporation, supra,* and this Court is bound by it.

The wisdom of this law is not for this Court's decision—such is left to the appellate courts or the General Assembly of North Carolina. Apparently, the legislative branch had some misgivings as to these decisions and amended the law in 1971 by adding a new section to G.S. § 1–15. This section reads as follows:

> (b) Except where otherwise provided by statute, a cause of action, other than one for wrongful death, having as an essential element bodily injury to the person or a defect in or damage to property which originated under circumstances making the injury, defect or damage not readily apparent to the claimant at the time of its origin, is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event first occurs; provided that in such cases the period shall not exceed 10 years from the last act of the defendant giving rise to the claim for relief.

The amendment would have no application to the case at bar nor would it benefit the plaintiff if it did apply. His action would be barred even under the amendment. The action of the legislators in amending the law is some indication that they found the law to be as stated in *Jarrell* and decided to change it.

 Since this Court holds that the three year period of limitations began to run at the time the blasting caps were sold in 1946, and not at the time of the plaintiff's injury in 1959, the North Carolina disability statute, G.S. § 1–17, will have no application here. When he was injured in 1959 the period of limitation had long since run and he was not "en-

titled to commence an action." It is well recognized in North Carolina that once the period of limitation begins to run nothing stops it. *Fulp v. Fulp,* 264 N.C. 20, 140 S.E.2d 708 (1965), and that, once the period of limitation begins to run, the subsequent accession of a minor to a right of action cannot toll its running. *Battle v. Battle,* 235 N.C. 499, 70 S.E.2d 492 (1952); *In re Evans' Will,* 209 N.C. 828, 184 S.E. 818 (1936).

 This Court therefore holds that because this action was commenced more than 20 years after the sale of the blasting cap which allegedly caused the plaintiff's injury, it is barred by the North Carolina three year statute of limitations, G.S. § 1–52, and the defendants' Motion for Summary Judgment should be allowed.

It is, therefore, ordered that the defendants' Motion for Summary Judgment be, and the same is hereby allowed, and the action is hereby dismissed with prejudice.