CALVIN SHULER v. GASTON COUNTY DYEING MACHINE COMPANY, A CORPORATION

No. 7627SC202

(Filed 1 September 1976)

1. Limitation of Actions § 4— bodily injury — statute of limitation — effect on claims in existence

Ch. 1157 of the 1971 Session Laws which was ratified on 2 July 1971 and which amended G.S. 1-15 applied to claims in existence but not yet barred when the statute became effective, the sole exception being that the statute should not affect pending litigation; therefore,

G.S. 1-15(b) was applicable to this action which was not commenced until 26 November 1973.

2. **Limitation of Actions § 4— installation of safety device — subsequent injury — time of accrual of action**

Where defendant installed a safety device on machinery in plaintiff's place of employment on 9 February 1970, plaintiff received bodily injuries as a result of the allegedly defective safety device on 27 November 1970, and plaintiff filed his action against defendant on 26 November 1973, plaintiff's action was not barred by G.S. 1-52(5), since his cause of action against defendant accrued at the time the injury was discovered or ought reasonably to have been discovered by plaintiff, whichever first occurred. G.S. 1-15(b).

APPEAL by plaintiff from *Briggs, Judge.* Judgment entered 28 January 1976 in Superior Court, GASTON County. Heard in the Court of Appeals 9 June 1976.

On 9 February 1970 defendant installed a safety device on machinery in the plant of Textron Company. On 27 November 1970 plaintiff, an employee of Textron, was injured while working with the machinery. On 26 November 1973 plaintiff filed this action against defendant seeking damages for his injuries, alleging that defendant was negligent in manufacturing and installing a defective safety device. Defendant answered, denying negligence and pleading defenses, including the statute of limitations.

By agreement, the plea in bar of the statute of limitations was submitted to the court for determination prior to trial. The court, finding that plaintiff's complaint was filed more than three years after the installation of the allegedly defective safety device and concluding as a matter of law that G.S. 1-15(b) does not apply to claims which arose prior to its effective date, sustained the plea in bar and dismissed plaintiff's action.

*Roberts, Caldwell and Planer, P.A. by Joseph B. Roberts III, for plaintiff appellant.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston by William E. Poe and Irvin W. Hankins III, for defendant appellee.*

PARKER, Judge.

Chapter 1157 of the 1971 Session Laws, which was ratified on 21 July 1971, is as follows:

"Section 1. G.S. 1-15 is hereby amended by adding a new paragraph as subsection (b) and by designating the

Shuler v. Dyeing Machine Co.

first paragraph as subsection (a) so that G.S. 1-15 shall read as follows:

'§ 1-15. Statute runs from accrual of action.—(a) Civil actions can only be commenced within the periods prescribed in this Chapter, after the cause of action has accrued, except where in special cases a different limitation is prescribed by statute.

(b) Except where otherwise provided by statute, a cause of action, other than one for wrongful death, having as an essential element bodily injury to the person or a defect in or damage to property which originated under circumstances making the injury, defect or damage not readily apparent to the claimant at the time of its origin, is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event first occurs; provided that in such cases the period shall not exceed 10 years from the last act of the defendant giving rise to the claim for relief.'

Sec. 2. This act shall become effective upon ratification and shall not affect pending litigation."

[1] The present action was not commenced until 26 November 1973, which was after the effective date of Ch. 1157, 1971 Session Laws. This action, therefore, was not "pending litigation" when that statute became effective. We find nothing in the statute to manifest a legislative intent that it should not affect claims, such as plaintiff's which were in existence on the effective date of the statute but as to which no litigation was then pending. Had that been the legislative intent, language appropriate for that purpose could easily have been employed. *Trust Co. v. Redwine*, 204 N.C. 125, 167 S.E. 687 (1933), cited by defendant, is not here controlling. The legislative act involved in that case provided it should be "in force and effect *from and after* its ratification" (emphasis added), and the court held the statute to operate prospectively only. Section 2 of Ch. 1157 of the 1971 Session laws provides that the act "shall become effective upon ratification," the sole exception being that it "shall not affect pending litigation." The 1971 act is remedial in nature, and absent a clear manifestation of legislative intent that it apply prospectively only, we hold it applicable to claims in existence and not yet barred when the

statute became effective, the sole exception being that the statute "shall not affect pending litigation." Although an action already barred may not be revived by the legislature, "that body may extend at will the time for bringing actions not already barred by an existing statute." *Jewell v. Price,* 264 N.C. 459, 461, 142 S.E. 2d 1, 3 (1965).

[2] Applying G.S. 1-15(b) in the present case, plaintiff's cause of action against defendant "is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event first occurs." In this case that date was 27 November 1970, the date plaintiff received bodily injuries as result of the allegedly defective safety device. The action having been commenced within three years after that date, plaintiff's action is not barred by G.S.1-52(5).

Since we hold G.S. 1-15(b) applicable to the present case, it is not necessary that we pass upon plaintiff's further contention that even without the benefit of that statute, plaintiff's cause of action against defendant accrues only at the date he received bodily injuries. In this connection, plaintiff points out that he had no direct contract or dealings with defendant, and although his employer might have had an action for breach of warranty against defendant when the allegedly defective safety device was installed, plaintiff had no cause of action until he was injured. Plaintiff's contention is supported by *Stell v. Firestone Tire & Rubber Company,* 306 F. Supp. 17 (W.D. N.C. 1969) ; *contra, Jarrell v. Samsonite Corp.* 12 N.C. App. 673, 184 S.E. 2d 376 (1971), *cert. denied,* 280 N.C. 180, 185 S.E. 2d 704 (1972) ; *State v. Aircraft Corp.,* 9 N.C. App. 557, 176 S.E. 2d 796 (1970). The last two cited cases followed the decision in *Hooper v. Lumber Company,* 215 N.C. 308, 1 S.E. 2d 818 (1939). For a critical analysis of that case, see: Lauerman, "The Accrual and Limitation of Causes of Actions for Nonapparent Bodily Harm and Physical Defects in Property in North Carolina," 8 Wake Forest Law Review 327, at 375 et seq. (1972).

We also do not consider whether G.S. 1-50(5) might be applicable to the present case. That statute makes a six year period of limitation applicable to an action for bodily injury "arising out of the defective and unsafe condition of an improvement to real property." The record now before us is not adequate to permit a determination whether the safety equip-

ment installed by defendant was, or was not, "an improvement to real property."

The judgment appealed from, which dismissed plaintiff's action, is reversed, and this cause is remanded to the trial court for further proceedings not inconsistent herewith.

Reversed and remanded.

Judges HEDRICK and ARNOLD concur.