HILDA S. PINKSTON, Administratrix of the Estate of ROBERT M. PINKSTON, Deceased v. BALDWIN, LIMA, HAMILTON COMPANY, a corporation; CLARK EQUIPMENT COMPANY, a corporation; ARMOUR & COMPANY, a corporation; and F. W. ALTMAN t/a F. W. ALTMAN COMPANY, and ROBERSON CONSTRUCTION COMPANY, INC.

No. 79

(Filed 7 March 1977)

1. Death § 4; Limitation of Actions § 4— defect in crane — no latent injury — proviso of G.S. 1-15(b)

The ten-year statute of limitations contained in G.S. 1-15(b) did not apply to a wrongful death action based on an alleged defect in a crane where there was no latent injury.

2. Death § 4; Limitation of Actions § 4— defective crane — wrongful death action — statute of limitations

A cause of action by plaintiff's intestate for injuries resulting from an alleged defect in a crane would have accrued and the limitation period would have begun to run when he was injured, not on the date defendants lost control of the injury-causing instrumentality; therefore, a wrongful death action instituted approximately one year after the crane collapsed and killed plaintiff's intestate was not barred by the three-year limitation of G.S. 1-52(5) or the two-year limitation period of G.S. 1-53(4) applicable to wrongful death actions.

Chief Jusice SHARP, Justices MOORE and COPELAND dissent for the reasons stated in their respective dissenting opinions in *Raftery v. Construction Co.,* 281 N.C. 180, 197 *et seq.*

ON *certiorari* to the Court of Appeals to review its decision reported in 29 N.C. App. 604, 225 S.E. 2d 147, reversing the

Pinkston v. Baldwin, Lima, Hamilton Co.

order granting the motion for summary judgment in favor of defendants, Baldwin, Lima, Hamilton Company, a corporation (BLH), Clark Equipment Company, a corporation (Clark), and Armour & Company, a corporation (Armour), entered by *Snepp, J.*, at 16 October 1975 Session of MECKLENBURG Superior Court. This case was docketed and argued in the Supreme Court as No. 120, Fall Term 1976.

Plaintiff instituted this action to recover damages for the wrongful death of her intestate, Robert M. Pinkston, which she alleged resulted from injuries suffered by him when a crane fell on him on 14 January 1972 while he was operating the crane as an employee of F. D. McDonald t/a F. D. McDonald Steel Erectors (McDonald). Plaintiff further alleged that defendant BLH in the year 1961 manufactured and by sale placed said crane in the stream of commerce whereby the crane came into the hands of defendant F. W. Altman t/a F. W. Altman Company (Altman). On 10 June 1969 Altman sold it to McDonald. She alleged that defendant Armour was liable as a successor corporation to BLH and that defendant Clark was liable as a successor to defendant Armour. Summonses were issued as to these defendants in January 1973 and an extension of time to file complaint was ordered. The summonses were duly served and the complaint filed within the time allowed. On 10 January 1974 defendant Roberson Construction Company, Inc., another former owner of the crane, was made a party-defendant. Plaintiff filed an amended complaint on 30 January 1974 which was duly served upon all defendants. The original and amended complaints alleged that defendants were negligent in that the crane which caused plaintiff's intestate's injuries was negligently designed and manufactured and further, that defendants breached express and implied warranties that the crane was merchantable and fit for the use for which it was intended.

On 18 August 1975, defendants BLH, Clark and Armour moved for summary judgment on the ground that plaintiff's claim was barred by the three-year statute of limitations, G.S. 1-52(5). On 16 October 1975 Judge Frank W. Snepp, after finding that the moving defendants were entitled to judgment as a matter of law, allowed the motion of defendants BLH, Clark and Armour.

Plaintiff appealed.

*Newitt & Bruny, by Roger H. Bruny and John C. Newitt, Jr., for plaintiff.*

*Golding, Crews, Meekins, Gordon & Gray, by John G. Golding and C. Byron Holden, for defendants.*

BRANCH, Justice.

[1]   The facts of this case are strikingly similar to those presented in *Raftery v. Construction Co.,* 291 N.C. 180, 230 S.E. 2d 405. In that case the majority and concurring opinions agreed that the ten-year statute of limitations contained in G.S. 1-15(b) applies only to those cases where the plaintiff's initial injury is "not readily apparent." In such cases the action is barred unless the injury is discovered and the suit is brought within ten years from the last act of the defendant giving rise to the claim. Obviously, under the facts of this case the provisions of G.S. 1-15(b) never came into play, since there was no *latent* injury.

[2]   In instant case defendants concede that G.S. 1-15(b) does not apply to these facts, but argue instead that the action is barred by the three-year statute of limitations of G.S. 1-52(5), applicable to personal injury actions. G.S. 28A-18-2 [formerly G.S. 28-173], our wrongful death statute, in pertinent part, provides:

> When the death of a person is caused by a wrongful act, neglect or default of another, *such as would, if the injured person had lived, have entitled him to an action for damages therefor,* the person or corporation that would have been so liable, and his or their personal representatives or collectors, shall be liable to an action for damages, to be brought by the personal representative or collector of the decedent; . . . .

Defendants contend that the decedent Robert M. Pinkston, had he lived, would have been barred by G.S. 1-52(5) from bringing suit to recover damages for his injuries and therefore his personal representative is likewise barred. This argument is based upon the assumption that the three-year statute of limitations in G.S. 1-52(5) began to run from the date on which defendants last had control of the injury-causing instrumentality.

In *Raftery,* the majority and concurring opinions reaffirmed the well-established rule that a statute of limitations

Pinkston v. Baldwin, Lima, Hamilton Co.

does not begin to run until the cause of action has accrued and the plaintiff has a right to maintain a suit. A plaintiff's cause of action accrues only when he suffers some injury.

Here plaintiff's intestate was not injured until the crane collapsed and killed him on 14 January 1972. At that time, his cause of action accrued and the three-year statute of limitations of G.S. 1-52(5) began to run. This action was instituted against appellants in January 1973, which was clearly before the action was barred by the three-year statute, G.S. 1-52(5), or the two-year statute applicable to wrongful death actions, G.S. 1-53(4). Therefore, for the reasons stated above and by authority of *Raftery v. Construction Co., supra,* and authorities therein cited, we hold that the present action is not barred by any statute of limitations.

The decision of the Court of Appeals reversing the entry of summary judgment in favor of defendants is

Affirmed.

Chief Justice SHARP, Justices MOORE and COPELAND dissent for the reasons stated in their respective dissenting opinions in *Raftery v. Construction Company,* 291 N.C. 180, 197 et seq.