Judges BRITT and HEDRICK concur.

---

DR. RALPH L. WARD, DR. THOMAS E. LEATH, DR. JOHN T. ROGERS AND DR. JAMES B. JOHNSON v. HOTPOINT DIVISION, GENERAL ELECTRIC COMPANY

---

D. L. PHILLIPS INVESTMENT BUILDERS, INC. v. HOTPOINT DIVISION, GENERAL ELECTRIC COMPANY

---

THE COLVIS COMPANY v. HOTPOINT DIVISION, GENERAL ELECTRIC COMPANY AND ECKERD'S DRUGS, INC.

---

HARRIS-TEETER SUPER MARKETS, INC. v. HOTPOINT DIVISION, GENERAL ELECTRIC COMPANY AND ECKERD'S DRUGS, INC.

No. 7726SC162

(Filed 7 March 1978)

Limitation of Actions § 4.2— damages from fire—defective appliance—no privity with manufacturer—statute of limitations—accrual of action

In an action to recover for damages sustained in a fire which occurred in a shopping center on 9 May 1969, said fire originating in a deep-fat fryer manufactured by defendant and sold to a company not a party to this action on 27 April 1962, the plaintiffs' causes of action did not arise and thus G.S. 1-52(5), the applicable statute of limitations, did not commence to run until the date of the fire which caused plaintiffs' injuries, since a cause of action accrues and the statute of limitations begins to run at the time of injury to a plaintiff who is not in privity with the manufacturer or seller of defective goods and who thus suffered no technical or slight injury at the time of the sale of the goods.

APPEAL by plaintiffs from order of *Snepp, Judge,* entered 19 August 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 January 1978.

This is a consolidated appeal involving four lawsuits resulting from a fire which occurred in a shopping center in Charlotte on 9 May 1969. The various plaintiffs in the four suits suffered damage as a result of the fire. They allege that the fire began in a deep-fat fryer located in Eckerd's Drug Store; that the deep-fat fryer was negligently designed by defendant Hotpoint Division, General Electric Company; and that defendant's negligence was the proximate cause of the fire and damage which resulted therefrom.

Plaintiffs' complaint also included counts relating to breach of warranties and strict liability in tort, which counts were dismissed in 1972. From the order dismissing these counts plaintiffs did not appeal.

Defendant filed answer and pled as a defense the three-year statute of limitations, G.S. 1-52, alleging that title to the instrumentality in question had passed from General Electric over nine years prior to the institution of these actions.

On 23 May 1975, defendant, pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, filed its motion for summary judgment on the grounds that plaintiffs' claims were barred by the statute of limitations. This motion was supported by an affidavit which tended to show that the deep-fat fryer in question was purchased on 27 April 1962. No affidavits in opposition to defendant's motion appear in the record.

After reviewing the files in the actions and hearing arguments of counsel, the trial court allowed the motion for summary judgment, to which plaintiffs excepted and gave notice of appeal to this Court.

*Grier, Parker, Poe, Thompson, Bernstein, Gage and Preston, by William E. Poe, W. Samuel Woodard, and Irvin W. Hankins III; Golding, Crews, Meekins, Gordon and Gray, by James P. Crews and Marvin K. Gray; Fleming, Robinson and Bradshaw, by Gibson L. Smith, Jr., for plaintiff appellants.*

*Helms, Mulliss and Johnston, by W. Donald Carroll, Jr., and E. Osborne Ayscue, Jr., for defendant appellee.*

MORRIS, Judge.

The sole question presented by this appeal is whether the record discloses that plaintiffs' claims are barred by the statute of

limitations. If so, defendant was entitled to judgment as a matter of law and summary judgment was appropriate. *Brantley v. Dunstan*, 10 N.C. App. 706, 179 S.E. 2d 878 (1971).

For purposes of this appeal, we assume the truth of plaintiffs' allegations that the deep-fat fryer was defective. We also assume as true the undisputed date of sale of the deep-fat fryer.

Plaintiffs contend that because there was no contractual relationship between them and defendant with regard to the defective goods, they had no cause of action until the date of their actual injury (*i.e.*, 9 May 1969, the date of the fire), and that the statute of limitations did not begin to run against them until that date, no matter how far in the past the defective product was manufactured and sold by defendant. Plaintiffs further contend that since they were not in privity with defendant, they suffered no injury that was "not readily apparent" prior to the date of the fire, and thus G.S. 1-15(b) (providing that claims arising out of injuries due to a latent defect must be brought within 10 years of the last act of the defendant giving rise to the claim) does not apply as to them. In support of these arguments, plaintiffs cite two recent decisions, to wit: *Raftery v. Construction Co.*, 291 N.C. 180, 230 S.E. 2d 405 (1976), and *Pinkston v. Baldwin, Lima, Hamilton Co.*, 292 N.C. 260, 232 S.E. 2d 431 (1977).

Defendant, on the other hand, contends that plaintiffs' claims arose and the statute of limitations began to run at the time of the manufacture of the deep-fat fryer (1962); that G.S. 1-15(b) would apply to the claims *sub judice* had they not arisen more than three years prior to its enactment (1971); and that language to the contrary in *Raftery, supra*, a wrongful death action, is merely dicta and is not a correct statement of the law in this State. (Defendant's brief was filed on 6 April 1977 and does not take into account the decision in *Pinkston, supra*, filed 7 March 1977).

We think the holdings in *Raftery* and *Pinkston* support plaintiffs' position. In discussing the question of whether plaintiff's intestate would have been entitled to maintain an action for personal injuries had he survived the blow to his head, the majority in *Raftery* stated that

"Obviously, the negligence of the defendant (assumed for the purposes of this appeal) would confer no right of action upon

the plaintiff's intestate until he suffered an injury proximately caused thereby. Until then, his cause of action was not complete and, nothing else appearing, the three-year statute would not begin to run against his right to sue. (Citations omitted)." 291 N.C. at 186, 230 S.E. 2d at 408.

This statement of the rule was affirmed by the majority in *Pinkston*.

"In *Raftery*, the majority and concurring opinions reaffirmed the well-established rule that a statute of limitations does not begin to run until the cause of action has accrued and the plaintiff has a right to maintain a suit. A plaintiff's cause of action accrues only when he suffers some injury." 292 N.C. at 262-263, 232 S.E. 2d at 432.

We are not unaware of two decisions of this Court, *State v. Aircraft Corp.*, 9 N.C. App. 557, 176 S.E. 2d 796 (1970), and *Jarrell v. Samsonite Corp.*, 12 N.C. App. 673, 184 S.E. 2d 376 (1971), *cert. den.* 280 N.C. 180 (1972), which held that the cause of action arises at the time of defendant's wrongful act or omission, notwithstanding the fact that the plaintiff had no contractual or other relationship with the defendant. The result reached by this Court was based upon *Hooper v. Lumber Co.*, 215 N.C. 308, 1 S.E. 2d 818 (1939), which clearly held that even though the plaintiff brought his action within three years of the injury, the statute of limitations ran from the time of the wrongful act or omission from which the injury occurred. However, it should be noted that the Court in *Hooper* did not cite or discuss any of the earlier cases holding to the contrary, including *Mast v. Sapp*, 140 N.C. 533, 53 S.E. 350 (1906), and *Hocutt v. R.R.*, 124 N.C. 214, 32 S.E. 681 (1899), a case factually similar to *Hooper*. *See* Lauerman, *The Accrual and Limitation of Causes of Actions for Nonapparent Bodily Harm and Physical Defects in Property in North Carolina*, 8 Wake Forest L.Rev. 327, 373-377 (1972).

The *Hocutt* case, *supra*, arose out of the construction of ditches to drain railroad property which wrongfully diverted water from its natural course, and resulted in the flooding of plaintiff's land some 20 years after the digging of the ditches. This was the fourth such case and there were others subsequent to *Hocutt*. *See* Lauerman, *The Accrual and Limitation of Causes of Actions for Nonapparent Bodily Harm and Physical Defects in Property in North Carolina*, *supra*. *Mast v. Sapp*, *supra*, was not

a railroad case, but arose from the collapse of a water reservoir owned by the City of Winston and which had been in use for quite some time without having caused injury. The action involved determination of entitlement to damages paid by the City for property damage, the City having also paid damages for wrongful death. Language of the Court in *Mast* is interesting:

> "The defective condition of the reservoir was a menace to adjoining property, against which the owners might perhaps have had preventive relief in equity, but no legal right of another was at all infringed until by the process of time and the gradual operation of the primary cause, the wall was undermined and fell, in consequence of what the city had before that time done or failed to do. *Roberts v. Read*, 16 East, 215. This is what is called in law the 'consequential damage,' or, more correctly, the consequential injury, resulting from the faulty construction of the reservoir, and that is the *causa litis. Hocutt v. R.R., supra.* But just as soon as the wall fell on the lot of Mrs. Peoples and struck her house, the first injury, as said in *Ridley v. R.R.*, was sustained and her cause of action immediately arose. *Roberts v. Read, supra.*" 140 N.C. at 542, 53 S.E. at 353.

In *Motor Lines v. General Motors Corp.*, 258 N.C. 323, 128 S.E. 2d 413 (1962), an action for property damage allegedly caused by a defective carburetor on a truck sold to plaintiff, the Court followed *Hooper*, but left open the question of whether it would follow *Hooper* "in a case where there is no injury to plaintiff or invasion of his rights at the time of defendant's negligent act or omission, . . ." 258 N.C. at 326, 128 S.E. 2d at 416.

Thus it appears that the Supreme Court in *Raftery* and *Pinkston* did not exressly reject a rule of law it had previously adopted by holding that the cause of action accrues and the statute of limitations begins to run at the time of injury to a plaintiff who is not in privity with the manufacturer or seller of defective goods and thus suffered no technical or slight injury at the time of the sale of the goods. *See Williams v. General Motors Corp.*, 393 F. Supp. 387 (M.D.N.C. 1975), aff'd. 538 F. 2d 327 (4th Cir. 1976), cited by the *Raftery* majority. The earlier rule enunciated in *Hocutt* and similar cases as to property damage and

*Mast* as to property and personal injury has now been extended and made applicable to these situations. On the facts of the case *sub judice*, we hold that plaintiffs' causes of action did not arise, and thus the applicable statute of limitations did not commence to run, until the date of the fire which caused plaintiffs' injuries.

*Raftery* and *Pinkston* also firmly establish that G.S. 1-15(b) with its 10-year limitation does not apply in cases where the injured party, a stranger to the sale of the defective goods, suffered no latent injury due to the existence of a defect in the goods at the time of sale. According to this interpretation, G.S. 1-15(b) applies only where the plaintiff's initial injury is "not readily apparent". In the instant case, plaintiffs' initial injuries were readily apparent on the date of the fire. Thus G.S. 1-15(b) does not apply, and plaintiffs' claims are not barred even though the deep-fat fryer was manufactured and sold more than 10 years prior to the institution of these actions.

The applicable statute of limitations in this case is G.S. 1-52(5), which is a three-year statute. It began to run on 9 May 1969. The four actions involved in this appeal were instituted before the running of the three-year period and thus the statute of limitations had not run so as to bar these actions. Accordingly, the order of the trial judge granting defendant's motion for summary judgment is

Reversed.

Judges CLARK and MITCHELL concur.